No. 62.—WILLIAM ELLIS, plaintiff in error, *vs.* CORDAL FRANCIS, defendant in error.

[1.] Where a Constable who did not write a good hand, requested a Justice of the Peace, in *his presence*, to make a return of " no property" on two Justices' Court *fi. fas.* he knowing the return to be true of his own *personal* knowledge: *Held*, that the return was to be considered as the act of the Constable himself, and valid in law.

[2.] Where a verdict was rendered in a claim case, in which the plaintiff in execution had been dead four years, and whose estate was unrepresented before the Court: *Held*, that the verdict ought to have been set aside on motion.

Claim, in Sumter Superior Court. Tried before Judge WARREN, November Term, 1850.

This was an issue upon a claim to a tract of land levied on by two Justices' Court *fi. fas.* in favor of Cordal Francis *vs.* Major Ellis and another, issued in August, 1841, with an entry of " no property," by Joseph Tarbutton, L. C. dated in April, 1847. On the trial the claimant proved by Joseph Tarbutton, that the en-

try was not in his handwriting, but was made by one of the Justices of the Peace, in the presence of and at the request of witness, he knowing the fact to be true, and not writing a good hand himself.

Counsel for claimant requested the Court to charge the Jury, that the *fi. fas.* were dormant—the Constable not being authorized by law to delegate the authority to perform those duties required by law of him.

The Court refused so to charge, but instructed the Jury, that if the entry was made in the presence and under the direction of the Constable, that it was valid. To which charge and refusal to charge, the claimants excepted, and have assigned error thereon.

After the verdict was returned, and before judgment thereon, counsel for claimant moved the Court to set aside the same, on the ground that the plaintiff, Cordal Francis, was dead, and had been for four years, which fact was proven to the Court. The Court refused the motion, unless the claimant would file his affidavit, that he was ignorant of the fact at the time of trial, which the claimant declined to do. The Court then offered to grant claimant a rule *nisi* against the attorney conducting the cause, to show cause at the next term why the verdict should not be set aside, which the claimant declined to accept. The Court then overruled the motion to set aside, and this decision is assigned as ground of error.

B. Hill, for plaintiff in error.

J. B. Hines, for defendant in error.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The first question made by the record in this case is, whether the return of *nulla bona* upon the two Justices' Court *fi. fas.* made by Joseph Tarbutton, lawful Constable, is a valid return. It is insisted by the plaintiff in error the return is not valid, because made by another person for the Constable; that the Constable could not delegate his authority to another to act for

him in regard to his *official* business. The Constable, who was examined as a witness, stated that the entry on the *fi. fas.* was not in his handwriting, but was made by one of the Justices of the Peace, in *his presence* and by *his request*, he *knowing the fact to be true,* and that he did not write a good hand himself. We are of the opinion this return on the *fi. fas.* of "no property" being made in the *presence* of the Constable, and by *his request*, with a *personal* knowledge of the truth of the return, may be considered as the act of the Constable himself, as much so as if he had held the pen in his own hand, and the Justice of the Peace had directed it in making the entry.

[2.] The second ground of error taken is, the refusal of the Court to grant the motion to set aside the verdict, on the ground that the plaintiff in the execution was dead. It was made to appear to the Court, that the plaintiff had been dead four years previous to the trial. The Court refused the motion, unless the claimant would file his affidavit, that he was ignorant of the fact at the time of the trial, which the claimant declined doing, and insisted on his motion to set aside the verdict. This motion, in our judgment, should have been granted, for the reason that the trial was a nullity when one of the parties was dead and unrepresented before the Court.

If the counsel had knowledge of the fact of the death of the party, and failed to suggest the same to the Court at the trial, that is a matter for the Court to consider, whether as officers of the Court they acted in good faith, or intended to practice a fraud upon the Court; but however that may have been, it cannot prevent the verdict from being considered as void in law, and consequently ought to have been set aside. See *Tedlie vs. Dill,* 3 *Kelly,* 104.

Let the judgment be reversed.