Joseph A. Graves, et al., plaintiff in error, vs. Samuel Warner, defendant in error.

A Deputy Clerk is authorized, in virtue of his appointment to administer to a party applying for an appeal, an oath that he is unable from his poverty to pay costs and give security for the eventual condemnation money.

In equity, motion to dismiss appeal, in Burke Superior Court. Decision by Judge Holt, at April Term, 1858.

This was a cause in equity, *in forma pauperis*, pending upon the appeal.

Defendants moved to dismiss the appeal upon the ground, that no affidavit had been made or filed as required by statute; that the paper purporting to be an affidavit, executed and filed by complainant, upon entering said appeal, was not an affidavit, it being sworn to before the *deputy Clerk* of the Superior Court, who was not authorized to administer an oath.

The Court refused the motion to dismiss, and allowed complainant then to make oath and proceed with his cause.

To which decision defendant excepts.

JOHN T. SHEWMAKE, and A. H. H. DAWSON, for plaintiff in error.

SNEAD, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

The only question in this case is, whether the Deputy Clerk, who administered the oath to the applicant for an appeal, had authority in law to do it.

The Judiciary Act of 1799, vests the Clerks with power to administer all oaths appertaining to the business of their office. *Cobb* 574. The Legislature in 1817, for the convenience " of the good citizens of this State," authorized Clerks to appoint deputies. *Cobb* 206. The object of the Act was to supply a person with equal powers with the Clerk, in regard to all business pertaining to his office, that the public might not be put to inconvenience by his occasional absence. By law, appeals must be entered in the Clerk's office. It is the duty of the Clerk to attend to entering them; to receive and judge of the sufficiency of the security, in case security is required: to administer affidavits in cases where the party applying for an appeal is unable to pay costs and

give security, &c. &c.   If the deputy cannot perform all these office duties during the absence of the principal, the object of the law authorizing the appointment of deputies would be defeated.   The law itself would be prostrate.   Regularly, a deputy cannot have less power than his principal.   *Salkeild,* 95.   But we confine this strictly to the office business and duties of Clerk.   We do not determine, that now the Clerk is vested with power to administer affidavits in relation to matters not pertaining to his office, that the deputy in virtue of his appointment is authorized to administer such oaths,

Judgment affirmed.