WEAVER, executrix, *v.* WOOD, executor, *et al.*

While an entry may, in the immediate presence and by the direction of the levying officer, be made upon an execution by another who acts as a mere scrivener or clerk, and while an entry made under such circumstances may be upheld as the act of the officer himself, and thus protect the judgment upon which it issued from becoming dormant, yet such

officer has no power to delegate to another the authority in his absence, either generally or in a special case, to perform for him, or in his name, this particular act which the law requires him personally to perform.

Submitted October 18, — Decided November 27, 1897.

Affidavit of illegality. Before Judge Butt. Talbot superior court. March term, 1897.

To the levy in 1894 of an execution dated in 1867, and upon which was an entry of nulla bona dated in 1869, and like entries dated in July, 1875, May, 1882, and January, 1889, there was interposed an affidavit of illegality upon the ground that the execution was barred by the statute of limitations, because no officer authorized to execute and return the same had made an entry thereon within seven years from the entry of 1869; the affidavit alleging that the entry dated in 1875, and which purported to have been made by the sheriff, was not in fact made by him. From the evidence at the trial it appeared that the entry dated in 1875 was not written by nor in the presence of the sheriff. It was made and his name signed to it by a person who was requested by him to do so. This person testified that the sheriff sent for him and requested his assistance in preparing papers for return to the court, and showed him several executions, among which was this execution, and asked him to make entries of nulla bona upon them according to a form which the sheriff wrote out; and he did so, in the sheriff's office, and after the sheriff had gone into the country. Counsel for the affiant stated to the court that the only question to be passed upon was that of the legality of the entry made in the absence of the sheriff. The court ruled that the entry was sufficient, and directed a verdict for the plaintiff.

*Persons & Son*, for plaintiff in error. *J. J. Bull*, contra.

COBB, J. A single question is presented in the record of this case. Can a levying officer delegate to another the right, in his absence, to make a return of nulla bona upon an execution, in the name of such levying officer? It has been held that such officer can authorize another in his presence and by his direction to make and sign such an entry, when the officer knows of his own personal knowledge that the facts stated in

the entry are true.   *Ellis* v. *Francis*, 9 *Ga.* 325 ; *Cox* v. *Montfort*,
66 *Ga.* 62.    Further than this it would not be wise to extend
the rule.    As it appeared from the evidence in the present
case that one of the entries necessary to prevent the execution
from becoming dormant was not signed by the sheriff nor by
any person by him lawfully authorized, the entry was void,
the execution was dormant at the time of the levy now in ques-
tion, and therefore the court erred in directing a verdict finding
the issue raised by the affidavit of illegality in favor of the
plaintiff in execution.

*Judgment reversed.     All the Justices concurring.*