## HORTON v. THE STATE.

1. A subpœna commanding the presence of a person in court as a witness is a judicial writ, and to be valid must, when there is a clerk, be signed and issued by that officer.
2. A subpœna to which the attorney for a defendant has signed the name of the clerk, under a general direction from that officer to "prepare" the subpœnas in the case, is not valid, and, although served, can not be a legal basis for a motion to continue the case on the ground of the absence of the witness so served.

Submitted October 17, — Decided October 27, 1900.

Indictment for misdemeanor.　Before Judge Robinson.　City court of Wrightsville.　August 19, 1900.

*E. L. Stephens, J. L. Kent, B. B. Blount,* and *H. P. Howard,* for plaintiff in error.　*William Faircloth, solicitor,* contra.

LITTLE, J.　The plaintiff in error was charged with selling intoxicating liquor without a license; and a verdict of guilty was rendered by the jury trying the case.　But a single question is made in the record.　On the call of the case the accused moved for a continuance, on the ground that a material witness was absent.　Among other necessary things she showed that the witness had been "subpœnaed," but, in reference to the issuance of the subpœna, her counsel testified that he prepared the subpœna and gave it to the bailiff under the following circumstances:　He went to the office of the clerk of the court in which the case was pending, with a list of the witnesses for plaintiff in error.　He handed the clerk the list.　That officer was in private conversation with another at the time, and returned the list to the attorney, at the same time handing him a number of blank subpœnas, and requested the attorney to prepare them.　The attorney went to his office, made out the subpœnas, and carried them back to the clerk to have him enter them on the docket.　The clerk was still in private conversation, and requested the attorney to give him a list of those for whom he had prepared subpœnas; saying that he would put them on the docket from the list.　The attorney prepared the subpœnas and signed the name of the clerk thereto, and did so because he was requested by the clerk to prepare them. The subpœna was not countersigned by the solicitor.

Aside from the question whether it was necessary that the sub-

pœna for the absent witness who was a non-resident should have been countersigned by the solicitor in order to render it valid, it is apparent to us that the subpœna issued for the absent witness was not a valid writ, nor could the witness be compelled to attend the court after service of such subpœna; and it could not, therefore, form a legal basis for a motion to continue on the ground of the absence of the witness.    Under the Civil Code, § 4360, par. 4, it is declared to be the duty of the clerk to issue and sign every summons, subpœna, writ, execution, etc., under the authority of the court.    Mr. Mechem, in his work on Public Offices and Officers, lays down the rule to be, that "In those cases in which the proper execution of the office requires on the part of the officer the exercise of judgment or discretion, the presumption is that he was chosen because he was deemed fit and competent to exercise that judgment and discretion; and unless power to substitute another in his place has been given to him, he can not delegate his duties to another."    § 567.    The same authority, however, declares that where the act is of a purely mechanical, ministerial, or executive nature, the performance of duties of this nature may, unless expressly prohibited, be properly delegated to another; but he also qualifies this rule by declaring, on authority, that where the law expressly requires the act to be performed by the officer in person, it can not, though ministerial, be delegated to another.    § 568. It would therefore seem, if this rule is to be applied, that inasmuch as a subpœna is a judicial writ and the statute requires it to be issued and signed by the clerk, his signature when written by some one else would not give validity to the process.    Without, however, deciding that the personal signature of the clerk is under all circumstances necessary, we call attention to certain rulings of this court which would seem to indicate that the subpœna in question in this case was not valid.    In the case of *Ellis* v. *Francis,* 9 *Ga.* 325, it was ruled that where a constable who did not write well requested a justice of the peace, in his presence, to make a return of "no property" on two justice's court fi. fas., he knowing the returns to be true of his own personal knowledge, such return was to be considered as the act of the constable himself and valid in law.    And in the case of *Cox* v. *Montford,* 66 *Ga.* 62, it was ruled that a levy signed by the officer with his mark was good. These cases were referred to in the case of *Weaver* v. *Wood,* 103

*Ga.* 88, and, after consideration, the ruling was made that while an entry might, in the immediate presence and by the direction of the levying officer, be made upon an execution by another who acts as a mere scrivener or clerk, and while an entry made under such circumstances might be upheld as the act of the officer himself, yet such officer has no power to delegate to another the authority in his absence, either generally or in a special case, to perform for him or in his name the particular act which the law requires him personally to perform. Referring to the ruling made in *Ellis* v. *Francis,* supra, the court through Mr. Justice Cobb said it would not be wise to extend the rule further. Tested, then, by these rules, it must be held that this subpœna was invalid, because the signature of the clerk was not made by the attorney in the presence of the clerk, nor was it made by the express direction of that officer. The attorney was requested by the clerk to prepare the subpœnas. Preparation does not necessarily include execution. For myself I am disposed to think that when the statute requires a subpœna to be signed by the clerk, it is invalid under any circumstances unless so signed. But, however that may be, the facts relating to the execution and issuance of the subpœna in question do not come up to the rule announced in the *Weaver* case, supra; and it is our conclusion that the subpœna issued was invalid and could not form the legal basis for a motion to continue the case on the ground of the absence of the witness who had received such a subpœna.

*The judgment is therefore affirmed. All the Justices concurring.*