## BIGGERS v. WINKLES.

One of the duties of the clerk of the superior court is to issue and sign executions based upon judgments rendered in that court. He may appoint a deputy, and such deputy will be authorized to issue executions; but he should not sign them with the name of the clerk, as if the clerk himself had made the signature. The clerk of the superior court can not by oral authority confer general power upon another to sign his name to executions issued in his absence and not under his immediate direction and control.

Submitted January 24,—Decided February 19, 1906.

Levy and claim. Before Judge Bartlett. Haralson superior court. July 17, 1905.

An alias fi. fa. purporting to have been issued by the clerk of the superior court of Haralson county on January 25, 1893, in lieu of a lost original which had been issued on a judgment in favor of Grow and others against Mrs. McNeill and transferred to Biggers, was levied on certain property, and a claim was interposed by Winkles. On the trial, when the execution was offered in evidence, objection was made to it on the ground that the name of the clerk of the superior court was signed to it by Biggers who was at that time acting as deputy clerk. It purported on its face to have been signed by the clerk. The court heard the evidence of Biggers in connection with this objection. He testified, in substance, that he worked in the office of the clerk of the superior court as the deputy; that it was his business to issue these fi. fas. and papers; that he issued most of the fi. fas.; that the clerk instructed him to do so and gave him authority to sign his (the clerk's) name; and that he signed Beall's (the clerk's) name to this one. He further testified: "I don't remember that he pointed out this one specially to me, telling me specially to sign his name to this one. I don't remember about his being in the office at this time. I don't remember that he was standing right there. It was the practice for me to issue them, and sign his name to them. I was deputy clerk; he assigned me that part of the work to do. I usually kept the minutes,—was another thing he assigned me to do." The court rejected the evidence, and, no further evidence being offered, dismissed the levy. The plaintiff excepted.

*E. S. Griffith,* for plaintiff. *W. R. Hutcheson,* for defendant.

LUMPKIN, J. (After stating the facts.) 1. One of the duties

of the clerk of the superior court as declared by the code of this State is "to issue and sign (and attach seals thereto when necessary) every summons, subpœna, writ, execution, process or order, or other paper under the authority of the court." Civil Code, §4360(4). He may appoint a deputy or deputies, who shall take the same oath as the clerk, and "whose powers and duties are the same as long as the principal continues in office, and not longer." §4359. Process signed by a deputy clerk of the superior court is as valid and sufficient in law as if signed by the principal clerk. *Goodwyn* v. *Goodwyn*, 11 *Ga.* 178; *Dever* v. *Akin*, 40 *Ga.* 423; *Graves* v. *Warner*, 26 *Ga.* 620. When what purports to be the signature of the clerk to an execution is not affixed thereto by him or by his authority, the execution is not legally issued. *Williams* v. *McArthur*, 111 *Ga.* 28. The deputy could have signed the execution in his own name as deputy. But was it lawful for him to sign the name of the clerk, and was the execution so issued a lawful execution? In *Ellis* v. *Francis*, 9 *Ga.* 325, it was held that where a constable who wrote a bad hand requested a justice of the peace in his presence to make a return of "no property" on two justice's court executions, he knowing the return to be true of his own personal knowledge, it was considered as his act and valid in law. See also *Cox* v. *Montford*, 66 *Ga.* 62. In *Weaver* v. *Wood*, 103 *Ga.* 88, it was said: "While an entry may, in the immediate presence and by the direction of the levying officer, be made upon an execution by another who acts as a mere scrivener or clerk, and while an entry made under such circumstances may be upheld as the act of the officer himself, and thus protect the judgment upon which it issued from becoming dormant, yet such officer has no power to delegate to another the authority in his absence, either generally or in a special case, to perform for him, or in his name, this particular act which the law requires him personally to perform." In the opinion it was said that it would not be wise to extend the rule further than was laid down in the cases of *Ellis* and *Cox*, supra. In *Horton* v. *State*, 112 *Ga.* 27, it was held that where an attorney signed the name of the clerk to a subpœna under a general direction from that officer to prepare the subpœnas in the case, it was not valid. In *MacKenzie* v. *Jackson*, 82 *Ga.* 80, one of the headnotes reads as follows: "While it may be true that a deputy clerk may perform any duty which the clerk is authorized

to perform, it seems that, when the deputy clerk certifies, he must certify over his own signature, and not over that of the principal clerk." In the opinion the same language is used, except that instead of the words, "it seems that," the words employed are, "we are inclined to think that." This was said where the deputy clerk signed a certificate with the name of the clerk by him as deputy, which makes a much stronger case than if he had simply signed the name of the clerk only; as he did in fact add to the name of his principal his own name as deputy, a method of signing which we understand to be practiced in some courts. Speaking for myself, it seems to me that it might be argued with much force that for a deputy to sign the name of his principal, by him as deputy, was a sufficient signature, by analogy to the manner in which an attorney in fact signs for his principal. In *Hitchcock* v. *Latham,* 97 *Ga.* 253, where objection was made to the introduction in evidence of a tax execution, on the ground, as alleged, that the name annexed thereto, purporting to be that of the tax-collector, was "in printing as it came from the printing office," and therefore that the execution did not bear the genuine signature of the tax-collector, and there was nothing to show when, where, or how his name had been affixed to the execution, but it affirmatively appeared that the paper had come into the sheriff's hands and that he had acted upon it as a legal execution, and in so doing had levied on, advertised, and sold land, it was held, that, in the absence of further proof on the subject, it would be presumed that the printed signature was authorized by the tax-collector, and that he issued the execution as his official act. In that case the question arose in an action of ejectment brought by the purchaser at the sheriff's sale. In the case before us, if nothing more had appeared than that the execution came from the office of the clerk of the superior court and had been received by the sheriff and treated by him as a genuine execution, probably a similar presumption would have arisen. But the evidence went further and disclosed that the signature of the clerk was not made by him, but was made by one acting as a deputy, under general authority from him to issue executions and sign his name to them, and apparently the clerk had nothing to do with it. This was neither an action by the deputy in the manner in which the law authorizes him to act in place of his principal, nor was it a lawful signature under the general verbal authority given by the

clerk. In *Newman* v. *State,* 101 *Ga.* 534, 539, the question was whether it was necessary to the validity of a special presentment for the solicitor-general to sign it. It was ruled not to be so, and what was added as to verbal authority to sign was unnecessary to the decision.

In Alabama a different rule seems to prevail. McMahan *v.* Colclough, 2 Ala. 70; Kyle *v.* Evans, 3 Ala. 482. Mr. Freeman, after referring to these cases (1 Free. Ex. (3d ed.) §23), says: "But it seems to us that a general authority to issue execution can not be delegated except where the law authorizes the appointment of a deputy and such appointment has been made; and that the cases referred to go no further than to sustain executions issued so directly under the eye and control of the officer that they must be treated as his acts."

In some of our more populous counties many executions are issued, and it would be an exceedingly dangerous practice to have them signed, not by the clerk or by a deputy as such, so that on their face they would show by whom they were signed, but by any person to whom the clerk might give oral authority to sign his name in his absence, or for them to purport to be signed by the clerk in different handwriting. If there be any such practice in any county or counties in this State, as was contended, it is "a custom more honored in the breach than the observance," and should not be followed further. The court correctly excluded the execution from evidence. On the general subject see Pierce *v.* Hubbard, 10 Johns. (N. Y.) 404; Shepherd *v.* Lane, 2 Dev. L. (N. C.) 148.　　　*Judgment affirmed. All the Justices concur.*