### RUCKER *v.* TABOR & ALMAND.

1. Under an execution issued from the city court of Elberton, the sheriff of that court may levy upon and sell land.
2. An allegation in an affidavit of illegality, that the plaintiffs in fi. fa. "have taken no steps in the superior court to declare the trust, of which this property is the whole, executed," was too vague, indefinite, and uncertain to be considered, and was properly stricken upon demurrer.
3. Where the sheriff referred to in the first headnote serves upon the defendant a writ which was issued from the city court, and signs the entry of service thereon "Sheriff," it will be presumed that he acted as sheriff of that court.
4. The clerk of the city court of Elberton or his lawfully appointed deputy should personally sign each process issued from his office, or specially authorize some one to sign the same for him in his presence, in order that the writ be perfectly regular. But if the process attached to a petition in a suit in that court was signed in the clerk's name by an assistant in his office, to whom the clerk had given "general authority to sign [the clerk's] name to any paper necessary to be signed by" the clerk, during his absence, such process is not void, but merely irregular, and should be attacked in limine. It can not be taken advantage of by affidavit of illegality.

Submitted December 1, 1905.—Decided August 9, 1906.

Affidavit of illegality. Before Judge Proffitt. City court of Elberton. February 17, 1905.

*Z. B. Rogers,* for plaintiff in error. *VanDuzer & Tutt,* contra.

BECK, J. Rucker filed an affidavit of illegality, attacking an execution issued against him from the city court of Elberton, in favor of Tabor & Almand, upon nine grounds. The first ground is a general allegation that "there is no valid, subsisting judgment

upon which to issue said execution, for the following reasons." The third, seventh, and eighth grounds he withdrew before the trial. The fourth, fifth, and sixth grounds were stricken upon demurrer; to the striking of which he excepted pendente lite, and still excepts. They are as follows: (4) "The execution was levied and property advertised to be sold by James McIntosh, sheriff of the city court of Elberton, when it should have been levied and advertised by James McIntosh, sheriff of Elbert County, or levied by the first officer and turned over to the sheriff of the county to advertise and sell; because the sheriff of the city court of Elberton has no authority to levy on, advertise, and sell land, that authority being only in the sheriff of the county." (5) "The alleged levy is excessive, as it levies on about $7,100 to pay a debt of about $2,300, when there was no necessity for such." (6) "Tabor & Almand have taken no steps in the superior court to declare the trust, of which this property is the whole, executed." The ninth ground will be treated as having been abandoned, it being alleged in the bill of exceptions, after the above facts were in substance set out: "the case then proceeded as to the 2nd ground," there being no reference whatever as to what disposition was made of the ninth ground. The second ground, upon which the trial was had, is as follows: "Deponent has never had his day in court, has never been legally served with any legal process, copy of suit, or other notice of the pendency of suit wherein the said judgment and execution is based, and no legal process has ever issued; did not himself waive such service, and authorized no one to do so for him, and no one did; did not appear and defend said suit and authorized no one else to do so for him, and no one else did. Defendant says further that the service of the purported petition and process in said case made on him by James McIntosh, sheriff of Elbert county, and not by James McIntosh, sheriff city court Elberton." The evidence disclosed that the signature of the clerk of the city court was not attached to either the original or copy process, but the clerk's name was signed thereto by an assistant in the clerk's office, who had never been sworn or placed under bond for the faithful discharge of duty. The clerk testified that when he first appointed the assistant, he "gave him general authority to sign my name to any paper necessary to be signed by me." He further swore that he did not recollect whether he was "even present at the time or whether I

gave him specific authority to sign my name to either process, the original or copy." He did say postively that he himself wrote out the copy of the original petition which was served on the defendant. The entry of service was signed, "James McIntosh, Sheriff," as appeared from the original petition and process introduced in evidence upon the trial. The court directed a verdict for the plaintiffs in fi. fa., and Rucker excepted, still complaining of the striking of the fourth, fifth, and sixth grounds of his affidavit; but as the fifth ground was abandoned in the brief and argument of his counsel, it will not be considered.

1. We will first take up the exceptions to the order sustaining the demurrer. In the fourth ground it is alleged that the execution was levied and the property advertised to be sold by McIntosh as sheriff of the city court of Elberton, when those duties should have been performed by McIntosh as sheriff of the county of Elbert. As to sales under execution we find it to be the rule at common law that "the officer who commences must complete the execution of the writ." In this State we have a statutory inhibition against a sale of land under execution by a constable, but this inhibition does not extend to such sales by sheriffs of city courts. Under the general law relating to city courts it is provided that "all the duties or liabilities attached to the office of clerk and to the office of sheriff shall be attached to the office of clerk and to the office of sheriff of the city court, respectively." Civil Code, § 4290. And further, "All executions, attachments, *scire facias,* or other processes shall be directed to the sheriff of said court, and to all and singular the sheriffs and constables of this State, and shall run throughout the State, and may be served or executed by any sheriff or his deputy in the same manner as like writs or processes from the superior court." Civil Code, § 4305. In the act creating and establishing the city court of Elberton it is provided that "all laws applicable to the duties of the clerk and sheriff of the superior court shall apply to them in said city court;" and further, "that all laws regulating the enforcement of judgments of the superior courts, whether civil or criminal, shall apply to said city court, and executions shall issue and be levied and sales be had thereunder under the same rules and laws regulating the same in the superior courts." Acts 1896, p. 292. The execution under consideration was directed, "To the sheriff of the city court of Elberton and his

lawful deputies, and to all and singular the sheriffs of said State and their lawful deputies," and under the law either the sheriff of Elbert county or the sheriff of the city court of Elberton could have commenced and completed the execution of the writ.

2. The facts alleged in the sixth ground of the illegality are so vague and indefinite that they were properly stricken upon demurrer.

3. This brings us now to the questions made by the second ground of the illegality. There is nothing in the contention of Rucker that the service of the process was made on him by McIntosh as sheriff of the county. It appears from the evidence that the entry of service was signed, "James McIntosh, Sheriff." This signature, taken in connection with the fact that the process issued from the city court, carries with it the presumption that McIntosh acted as sheriff of that court.

4. The question of validity of the process is not entirely free from difficulty. Process is a judicial writ, and our statute requires that it be issued and signed by the clerk. Civil Code, § 4360, par. 4. It is true that this section of the code has reference to clerks of the superior courts, but as the act which created the city court of Elberton contains this language: "That suits in said city court shall in all respects be conformable to the mode of proceedings in the superior courts, except as hereinafter provided; but the process to writs shall be annexed by the clerk of said city court, shall be attested in the name of the judge thereof," etc., (Acts 1896, p. 290, sec. 12), and as no other provision is made in reference to process in the act, it necessarily follows that in addition to being "annexed" by the clerk, such writs should also be issued and signed by him. Therefore, in this regard, the law applicable to superior-court clerks is also applicable to clerks of the city court of Elberton. And it would seem that in order for the process to have been regular it should have been signed by the clerk himself, or at least by some one authorized by him who signed it in his presence. But the clerk's absence at the time the writ was signed can not be said to make it absolutely void. It was at most an irregularity which should have been taken advantage of in limine. "After the lapse of nearly a year from entry of decree after an order *pro confesso* on personal service, advantage can not be taken of such defects as that the subpœna served was signed by the deputy register in his

own name." Creveling v. Moore, 39 Mich., 563. And in delivering the opinion in that case, the learned and distinguished jurist who spoke for the court, Justice Cooley, said: "The defects were mere irregularities, and if the defendants desired to take advantage of them they should have moved promptly. After the lapse of time appearing in this case, such objections are not to be listened to." And it is said in 20 Enc. Pl. & Pr. 1183, "A writ which is merely irregular, but not fundamentally and fatally defective, in the absence of an appearance must be objected to *in limine*. Such a writ, being voidable only and not void, is sufficient to support the subsequent proceedings." And the present holding is not in conflict with the cases of *Horton* v. *State,* 112 *Ga.* 27, *Weaver* v. *Wood,* 103 *Ga.* 88, and *Biggers* v. *Winkles,* 124 *Ga.* 990. In *Horton's* case the writ under consideration was a subpœna, and the defect therein was promptly pointed out at the first opportunity and insisted upon, and moreover the clerk's name was signed to the subpœna by one who was in no way connected with the clerk's office, while in the case at bar the officer's name was signed by one who had express general authority for doing the act and who was performing the duties of a deputy clerk. In the cases of *Weaver* and *Biggers,* supra, there are several features which distinguish them from what we now rule, the most important of which is that in each of those cases the process attacked was final, and, so far as appears from the reports, was proceeded against in the quickest manner possible. In the instant case the writ attacked was mesne process, and the rule stated in the two cases last cited will not be applied in its strictness to defects in mesne process which amount to mere irregularities.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Atkinson, J., who did not preside.*