VICKERS *v.* HAWKINS, by next friend, and *vice versa.*

1. Where a minor sues by prochein ami, and prevails at the trial, the prochein ami is the próper person upon whom the bill of exceptions sued out by the defendant should be served.

2. The misspelling of an official's name to a process does not invalidate it, if it is made to appear that the official authorized another to sign it in his presence, or actually adopted the signature and acted upon it.

3. The addition of the letters "T. C." to the signature to a tax execution sufficiently indicates that the official who issued it did so in his capacity as tax-collector.

4. A tax fi. fa. in the following words: "Georgia, Worth County. To the sheriff of Worth County, to execute and return, to advertise and sell according to law. You are hereby commanded that on unreturned wild land number 211, in the 14th district of Worth County, you cause to be made the sum of $3.26, it being the amount of State and county taxes for the year 1888, and the further sum of 50 cents for the costs of this fi. fa., and make due return thereof to me according to law. Herein fail not. Given under my hand and seal, this 20th day of Dec., 1888. [Signed] W. J. Stoy, T. C.," recites the necessary jurisdictional facts required by the statute.

5. Under the law in force in the year 1888, a tax execution against unreturned wild land was properly issued by the tax-collector.

6. The levy of an execution should be signed by the levying officer. If another sign the levying officer's name, the levying officer may adopt the signature as his own. Where the undisputed evidence is that the levying officer caused the property to be advertised for sale pursuant to the levy, personally cried it at the sale, executed a deed to the purchaser and made an entry of the sale on the fi. fa., it is sufficient to authorize an inference that the levying officer adopted the signature as his own.

7. The Civil Code, § 3628, relating to the filing of an affidavit of forgery to a deed, and having a special issue made up and tried as to the genuineness of a deed attacked for forgery, is inapplicable to a fi. fa. and entry of levy thereon offered in connection with a sheriff's deed, which is also attacked for forgery.

8. A request to charge, that "the law presumes that an officer does his duty, and an entry made on an official document, purporting to be an entry by the officer whose duty it is to make it, is presumed to be the act of such officer, and such presumption is not overcome except by the strongest proof," was properly refused. The vice of the request is an intimation of opinion as to the quantum of proof necessary to overcome a rebuttable presumption.

Argued May 25,—Decided August 8, 1907.

Complaint for land. Before Judge Spence. Worth superior court. May 4, 1906.

*Fulwood & Murray* and *J. J. Forehand,* by *Z. D. Harrison,* for Vickers. *T. R. Perry, J. H. Tipton, Hall & Hall,* and *Olin J. Wimberly,* contra.

EVANS, J. The action was complaint for land, and has been twice tried. On a review of the first trial the verdict was set aside and the case remanded to the superior court. See 111 *Ga.* 119. On the second trial the plaintiff introduced a grant from the State, and mesne conveyances from the State's grantee to herself. The defendant proffered in evidence a tax fi. fa. and the sheriff's deed to one Dixon (under whom he claimed title) ; whereupon the plaintiff filed an affidavit of forgery, averring that the sheriff's deed, the tax fi. fa. and the entry of levy on the fi. fa. were forgeries. Upon the preliminary proof submitted by the defendant, the court allowed in evidence the sheriff's deed and the tax fi. fa. over the plaintiff's objection. The plaintiff excepted pendente lite to the admission of the deed and fi. fa. The court ruled that the filing of the affidavit of forgery devolved upon the defendant the burden of proving the genuineness of the tax fi. fa. and levy, and to show that any alteration appearing in the entry of levy was made prior to the sheriff's sale, and instructed the jury to this effect. No separate issue of forgery was made, but the issues of the genuineness of the tax fi. fa. and entry of levy were submitted along with the other issues in the case. The defendant also introduced a deed to himself from the purchaser at the tax sale, and proof that he had been in possession of the land since that time, and had made thereon permanent and substantial improvements. The jury returned a verdict for the plaintiff; the court refused a new trial, and the defendant excepted. The plaintiff sued out a cross-bill of exceptions, assigning error on her pendente-lite exceptions.

1. On the call of the case in this court the defendant in error moved to dismiss the bill of exceptions, because the only service thereof was an acknowledgment of service by the next friend, Herbert Hawkins; that he is only a formal party, and that A. H. Hawkins is the real party in the case, and service should have been had upon her. The purpose of having a guardian ad litem or next friend to represent a minor is to furnish a person sui juris to carry on the litigation for the minor's benefit. Service of notice or other process pertaining to the case prosecuted by a prochein ami should be made upon him. He represents the minor in the particular liti-

gation, and if service can not be had upon him, his connection with the case would be without practical value. We therefore hold that the next friend was the proper person upon whom to serve the bill of exceptions, and the motion to dismiss is denied.

2. As between the litigants, according to the proof made at the trial, the ownership of the land in controversy depends upon the validity of the tax sale. We will therefore first examine the objections to the admissibility of the fi. fa. upon which error is assigned in the cross-bill of exceptions. The tax fi. fa. was as follows: "Georgia, Worth County. To the sheriff of Worth County to execute and return, to advertise and sell according to law: You are hereby commanded that of unreturned wild land number 211, in the 14th district of Worth County, you cause to be made the sum of $3.26, it being the amount of State and county tax for the year 1888, and the further sum of 50 cents for the costs of this fi. fa., and make due return thereof to me according to law. Herein fail not. Given under my hand and seal, this the 20th day of Dec. 1888. [Signed] W. J. Stoy, T. C. (L. S.)." Endorsed upon the fi. fa. was the following entry of levy: "I have this day levied the within fi. fa. upon lot of land number 211 in the 14th district of said county, for State and county tax for the year 1888. January 30th, 1889. [Signed] S. M. Cox, sheriff." The plaintiff objected to the tax fi. fa. and entry of levy endorsed thereon being received in evidence, because the tax fi. fa was signed "W. J. Stoy, T. C.," when it was admitted in open court by the defendant that the tax-collector in the year 1888 was W. J. Story; that the letters "T. C.," following the name of W. J. Stoy, did not show that the execution was issued by the tax-collector of the county. Objection was further made to the introduction of the fi. fa., on the ground that one of the defendant's witnesses had already testified that the execution was not signed and issued by the tax-collector of Worth County, but was signed by witness at the request of the tax-collector, the plaintiff contending that the tax-collector could not delegate any verbal authority to sign the execution, witness not testifying that he had been appointed to collect taxes in Worth County in 1888.

It appeared that the tax-collector was dead at the time of the trial. While the testimony did not directly establish that the tax-collector's name was signed by the witness in the tax-collector's

presence, it does appear that it was done at the special instance and request of the tax-collector, at his house, and under such circumstances as might afford an inference that it was done in his presence. It is the duty of the tax-collector to sign a tax execution. It is not essential, however, that he should actually do the manual act of signing his name in every instance. In *Hitchcock* v. *Latham*, 97 *Ga.* 253, objection was made to the introduction in evidence of an execution, on the ground that the name thereto purporting to be that of the tax-collector "was in printing as it came from the printing-office," and that therefore the execution did not bear the genuine signature of the tax-collector, and there was nothing to show when, how, or where the name of the tax-collector had been affixed to the execution. But this court held that the objection was not good where it affirmatively appeared that the fi. fa. came into the sheriff's hands, who had acted upon it as a legal execution, and in so doing had levied upon, advertised, and sold land; that in the absence of further proof on the subject it will be presumed that the printed signature was authorized by the tax-collector, and that he issued the execution as his official act. It appeared from the record in this case that the sheriff had acted upon this fi. fa., advertised the land levied on to satisfy it, sold the land thereunder, and made a deed to the purchaser at the sale. As a general rule, when the law declares that a process shall be signed by a particular official, his name can not be affixed to it by another, not in his presence, under a previous general authority. *Biggers* v. *Winkles*, 124 *Ga.* 990. However, we are not in opposition to this general proposition when we hold that the facts of this case bring it within the principle of the *Hitchcock* case, supra.

The misspelling of the tax-collector's name of itself furnishes no ground to hold the fi. fa. illegal. It is clear that if the tax-collector, in signing his name, had inadvertently omitted a letter, and the proof showed that he actually signed it, the signature would be valid.

3. Nor was the objection good that the letters "T. C." following his signature were insufficient to show that he had signed the execution in his official character. Under the law existing at that time, such a fi. fa. must have been issued by the tax-collector, and it is to be presumed that the abbreviation "T. C." represents the officer's official character.

4, 5. The fi. fa. was further objected to, because it did not show on its face the necessary jurisdictional allegations that the taxes for the year 1888 were due and unpaid; that it did not show that the lot of land in question had not been returned and had been double taxed as required by law; and that the tax-collector had no authority under the law to issue a tax execution against unreturned wild land, but that at that time such authority was in the tax-receiver. We think the necessary jurisdictional facts appear on the face of the fi. fa. It is not to be presumed that the tax-collector will issue a fi. fa. for taxes that have been paid. The fi. fa. recited that it was for State and county taxes for the year 1888, and that the land had not been returned for taxes; and it issued for an amount alleged to be due against this particular land, which it is to be presumed was the proper amount. The tax-collector, by virtue of the act of December 13, 1882 (Acts 1882, p. 47), in force at the time of the issuance of this execution, had authority to issue the fi. fa. for unpaid taxes due upon unreturned wild land.

6. Objection was also made to the entry of levy appearing on the fi. fa. Prior to tendering the deed and fi. fa. in evidence, one of the witnesses for the defendant had testified that the entry of levy on the fi. fa., although purporting to have been made and signed by S. M. Cox, sheriff, was not signed by S. M. Cox, but by another person; that for that reason it did not appear to be an official entry, because it had been shown that it was not made by the sheriff of the county, or by any one authorized by the sheriff. The testimony disclosed that the sheriff was dead when the case was tried; that one W. J. Ford wrote the entry of levy and signed the sheriff's name to it. Ford did not hold any office. There also appeared the following entry upon the fi. fa.: "The within lot of land, number 211 in the 14th district, sold this day to J. A. Dixon, for one hundred and fifteen dollars, this 7th day of May, 1889. [Signed] S. M. Cox, sheriff." There was testimony that this entry of sale was in the handwriting of Cox, the sheriff. The statute declares that the officer making the levy shall enter the same on the process by virtue of which the levy is made. Civil Code, § 5421. In order that the entry of levy may be authenticated as the official act of the officer it should be signed. *Jones* v. *Easley,* 53 *Ga.* 454. An entry of levy may be made and the levying officer's name signed thereto by a scrivener, if done in the imme-

diate presence and by the direction of the levying officer. In such a case, notwithstanding the officer's name may be signed by the scrivener, it will be upheld as the entry of the officer. *Ellis* v. *Francis,* 9 *Ga.* 325; *Thomas* v. *Montford,* 66 *Ga.* 62; *Weaver* v. *Wood,* 103 *Ga.* 89. There is no evidence in the record authorizing a conclusion that the entry of levy, and the signing of the sheriff's name thereto by Ford, took place in the immediate presence of the sheriff. The undisputed evidence, however, discloses that the sheriff advertised the land by virtue of this particular levy, personally cried the same at the sale, and made an entry of the sale on the fi. fa. There was also evidence by one of the subscribing witnesses to the deed, that he saw the sheriff sign the deed, and that he and the other witness attested it as witnesses. This evidence authorizes an inference that the sheriff adopted as his own act the entry of levy made by Ford, and acted on it, caused the property to be advertised, and sold it, and made a deed to the purchaser. Even if the entry of levy was not made in the immediate presence of the sheriff, he immediately ratified it, and adopted it as his own act, when he advertised the property and sold it by virtue of this particular levy. The adoption by the sheriff of the entry, relatively to a bidder at the sale, made it the sheriff's own act and deed, just as effectually as if Ford had signed it in his presence, or the sheriff himself had signed the entry.

7. Several of the grounds of the motion for new trial complain that the court erroneously extended the Civil Code, §3628, to embrace a fi. fa. and entry of levy thereon, when tendered in evidence along with a sheriff's deed. This section provides that "A registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause, will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed." Its provisions are applicable only to registered deeds. *Hill* v. *Nisbet,* 58 *Ga.* 586; *Sibley* v. *Haslam,* 75 *Ga.* 490; *Holland* v. *Carter,* 79 *Ga.* 139; *Bentley* v. *McCall,* 113 *Ga.* 530; *Chatman* v. *Hodnett,* 127 *Ga.* 360. It has been held that the proceeding is purely statutory, and is to be strictly construed, and will not be extended to a will. *Smith* v. *Stone,* 127 *Ga.* 485. It is limited to the one is-

sue of genuineness of the deed, and there is no authority of law for drawing into the trial of that issue questions foreign to the factum of the execution of the deed. *Roberts* v. *Roberts,* 101 *Ga.* 768. The provisions of the code section providing for a separate issue upon the affidavit of forgery can not be extended to the genuineness of the execution or entry of levy thereon. It is true that a sheriff's deed, even though registered, is not admissible as a muniment of title unless the fi. fa. under which the sale was made accompanies it, or its loss is shown. But the law does not require that the fi. fa. shall be recorded along with the deed before it will be admissible in evidence. The Civil Code, §3625, permits the record of the fi. fa. in connection with the deed, and provides that when this is done, and the fi. fa. is lost, a certified copy of the record of the fi. fa. is admissible in evidence. An attack on the fi. fa. or entry of levy, because it was not signed by the proper officials and is therefore void, is directed against the authority of the officer to make the sale. It is not a direct attack on the deed. The burden is upon him who is asserting that the official signature is not genuine to show that fact. The ruling of the trial court, that the Civil Code, §3628, was applicable to the tax fi. fa. and the entry of levy, and that the burden was on the defendant to show their genuineness, and to explain any alteration that might appear in the levy, improperly cast a burden upon the defendant which the law does not place upon him. This error necessitates a new trial, inasmuch as we are unable to say that the jury were not influenced by this instruction in deciding the issues of fact respecting the validity of the different official entries.

8. The defendant complains, in his motion for a new trial, that the court erred in refusing to charge, though requested in writing so to do, that "the law presumes that an officer does his duty, and an entry made on an official document, purporting to be an entry by the officer whose duty it is to make it, is presumed to be the act of such officer, and such presumption is not overcome except by the strongest proof." There is a presumption that every officer does his duty, and every official entry is supposed to be the act of such officer; yet this is a rebuttable presumption and may be overcome by proof; and while it is true that an officer's return should not be lightly set aside, yet it would be improper for the court to instruct the jury that the presumption of verity which the entry

imported should prevail unless overcome by the strongest proof. Such an instruction is equivalent to an expression by the court as to the quantum of evidence necessary to overcome a rebuttable presumption. For this reason the request was properly refused.

*Judgment, on the main bill of exceptions, reversed; on the cross-bill, affirmed. All the Justices concur.*