## Young *v.* Germania Savings Bank.

Atkinson, J. 1. The act of 1871 (Acts 1871-2, pp. 57, 59) provides that all executions issued from the city court of Atlanta shall be directed "to the sheriff, or his deputy, of the city court of Atlanta, and all and singular the sheriffs, or their deputies, of the State of Georgia, and may be levied on all the property of the defendants throughout the State; but the sheriff, or his deputy, of said city court may levy all such executions on property within any part of the county of Fulton." It also provides that "the clerk and sheriff, and their deputies, of the superior court of Fulton county shall be ex officio clerk, sheriff, and deputies of the city court of Atlanta." Where an execution was issued from that court directed "to all and singular the sheriffs of the State and their lawful deputies," and was levied on certain land in Fulton county by the deputy sheriff of that county, there was no error in refusing to dismiss the levy for want of proper direction. *Buchanan* v. *Sterling*, 63 *Ga.* 227; *Cheney* v. *Beall*, 69 *Ga.* 533; *Byars* v. *Curry*, 75 *Ga.* 515.

2. Where such an execution, issued from the city court of Atlanta, was signed "Arnold Broyles, Clerk," the court properly refused to dismiss a levy of such execution, on motion of a claimant of the property, on the ground that it did not appear to be officially signed by the clerk of the superior court and ex-officio clerk of the city court. The word "clerk," construed in connection with the recitals in the execution to the effect that it issued upon a judgment rendered in the city court of Atlanta, for which this court will take judicial cognizance that the law provides a clerk, imports that the paper was signed officially, and not by Arnold Broyles in a private capacity.

3. That two entries of levy on the same piece of real estate appeared on the execution furnished no reason for dismissing the second levy, on motion of the claimant of the property, on the ground that the first levy was not accounted for.

4. Where an execution issued from the city court of Atlanta commanded a levy and sale to be made of the goods and chattels, lands and tenements, generally of the defendant, and especially of a certain described lot of land, to realize the amount of the judgment, this furnished no reason for dismissing a levy on such land, on the motion of a person who had interposed a claim thereto, on the ground that there was no authority of law for the city court to issue a fi. fa. as a special lien on particular property.

5. A ground of a motion to dismiss a levy, "because the alleged fi. fa. does not follow the judgment on which it is predicated, and does not follow the petition," can not be considered by this court, where no specification is made as to the variance claimed to exist, and neither the judgment nor the petition is before this court, and it is not shown that they were placed before the trial court.

6. Where an execution issued from the city court of Atlanta, and directed as recited in the first headnote, was levied on land in Fulton county, which was described in the execution, the fact that the entry of levy was signed, "J. M. Goldsmith, deputy sheriff," was not a sufficient

reason for dismissing the levy. on the ground that the signature did not indicate of what court or county the levying officer was deputy sheriff. Prima facie he would be presumed to be deputy sheriff in the jurisdiction in which he acted. *Connolly* v. *Atlantic Contracting Co.,* 120 *Ga.* 213 (47 S. E. 575); *Rucker* v. *Tabor,* 126 *Ga.* 132 (54 S. E. 959).

7. The levy on the land not being open to any other ground of attack urged against it, the statement in the entry, "a deed having been filed and recorded for purpose of levy and sale as required·by law," would not furnish ground for dismissing the entire levy on motion of a claimant of the land.

8. An entry of levy on land contained the following description of the property: "Land lot 81 of the 14th district of Fulton county, Georgia, and known as lot B in block 4 in the Wallace and Seago subdivision of the Means property, said lot 'B' fronting forty-five (45) feet, more or less, on the east side of State street, and extending back east same width as front one hundred (100) feet, more or less, bounded south by an alley, east by lot 'C,' north by lot 'A,' and west by State street, and being about two hundred (200) feet north of Macedonia Baptist church place." *Held*, that such levy was not subject to be dismissed on the ground that the description of the property was not sufficient to identify or locate any particular property, and was too uncertain, vague, and indefinite. *Broach* v. *O'Neal*, 94 *Ga.* 474 (20 S. E. 113).

9. Where an entry of levy on real estate recited that the "defendant in fi. fa. is in possession," it was proper to overrule a ground of a motion to dismiss the levy "because claimant denies the statement, to wit, 'defendant in fi. fa. is in posssession,' and claimant says that she was in possession before the date of the alleged judgment, before the date of the alleged fi. fa., and before the dates of the alleged levies, and is in possession of that property now, and she has been so in possession of that property for more than 20 years, and she also says that she has had a deed to it for many years, and it is her property."

*Judgment affirmed. All the Justices concur.*

Argued November 12, 1908.—Decided April 19, 1909.

Claim. Before Judge Ellis. Fulton superior court. March 31, 1908.

*Robert L. Rodgers,* for plaintiff in error.

*Westmoreland Brothers,* contra.