## 32685.   CITY OF DALTON *v.* COCHRAN.

Decided October 27, 1949.

*Walter H. Bolling, John C. Mitchell,* for plaintiff in error.

*Malcolm C. Tarver,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Counsel for the defendant in error filed his motion to dismiss the bill of exceptions upon the ground that Gordon Cochran, the next friend of the minor plaintiff and so named therein, is a necessary party to the bill of exceptions, and that no copy thereof was served upon him, nor was service thereof waived or acknowledged by him or anyone in his behalf. Counsel relies particularly upon *Wiley* v. *Jones,* 129 *Ga.* 635 (59 S. E. 709), in which case the acknowledgment of service for the named defendant heirs did not include the guardian ad litem. It was held that the guardian ad litem was a necessary party to the suit, and the bill of exceptions was dismissed. Council also points out that where a minor sues by prochein ami, the prochein ami and not the minor is the proper person upon whom the bill of exceptions should be served (*Vickers* v. *Hawkins,* 128 *Ga.* 794 (58 S. E. 44), and that the proper acknowledgment and waiver upon tender of a bill of exceptions under Code (Ann. Supp.) § 6-908.1 in no way dispenses with the subsequent service of a bill of exceptions after it has been certified by the trial court. *Mauldin* v. *Mauldin,* 203 *Ga.* 123 (45 S. E. 2d, 818). In this case the approval of the bill of exceptions as complete and correct was signed on July 11 by "M. C. Tarver, attorney for defendant in error." The service of the bill of exceptions was acknowledged on July 13 by "M. C. Tarver, attorney for Lloyd Cochran, defendant in error."

This court, in *Morse* v. *Caldwell,* 55 *Ga. App.* 804, 815 (191. S. E. 479) held as follows: "In a proceeding brought by a next friend or guardian on behalf of another, the suit is essentially

that of the one for whom the suit is brought. *Phillips* v. *Taber*, 83 *Ga.* 565, 575 (10 S. E. 270). . . . The next friend or guardian is only the representative of such person, and is an officer of the court. *Sharp* v. *Findley*, 59 *Ga.* 723, 729; *Lasseter* v. *Simpson*, 78 *Ga.* 61 (3 S. E. 243); *Gentle* v. *Georgia Power Co.*, 179 *Ga.* 853, 854 (177 S. E. 690); *Parrish* v. *Rigell*, 183 *Ga.* 218, 223 (188 S. E. 15)."

The purpose of a guardian ad litem or next friend is to furnish a person sui juris to carry on the litigation for the minor's benefit. *Vickers* v. *Hawkins*, 128 *Ga.* 794 (supra). In the instant case it appears that the next friend, Gordon Cochran, is a party defendant named in the bill of exceptions, and that tender and examination of the bill of exceptions was acknowledged by his attorney, M. C. Tarver, for him. The subsequent acknowledgment of service of a copy of the said bill of exceptions by M. C. Tarver and the filing of briefs and argument of the case by him is sufficient to affirmatively show to this court that proper acknowledgment of service of the bill of exceptions was in fact made, and the appeal will not be dismissed for the merely technical reason that the service in the latter case was acknowledged in the name of the minor personally rather than in the name of his legal representative. This case is distinguished from *Vickers* v. *Hawkins*, supra, in that it did not appear in the latter case that the guardian ad litem was in fact represented as such in the appellate court by the attorney who acknowledged service on the bill of exceptions. Here it appears that, while service was properly acknowledged for the defendant in error, he was inadventently designated as "Lloyd" Cochran rather than "Gordon" Cochran.

The motion to dismiss the bill of exceptions is overruled.

■ The defendant complains of the overruling of his general demurrer and also of his special demurrers to paragraphs 3 and 4 of the petition, which are in part as follows:

"3. The said Lloyd Cochran on the 21st day of July, 1948, at about 12:20 p. m. was driving his certain Harley-Davidson motorcycle, 1947 model, eastward along East Cuyler Street in the City of Dalton at a reasonable rate of speed, to wit, ten miles per hour, having crossed over South Spencer Street in said city when at a point 40 feet or 50 feet east of South Spencer Street

and about 10 feet south of the curb on the north side of East Cuyler Street said motorcycle ran into a deep hole approximately 8 inches deep and 4 feet in circumference.

"4. An automobile was parked alongside the curb on said street immediately south of said hole and it was necessary in passing said automobile to pass over the portion of said street in which the said hole was located."

These paragraphs are sufficiently definite and certain to withstand the special demurrers interposed against them. Reasonable definiteness and certainty in pleading is all that should be required, and factitious demands by special demurrer are not to be encouraged. See in this regard cases cited under Code (Ann.) § 81-101, catchword, "Certainty."

As to the general demurrer, the allegations of the petition regarding the character of the defect, the length of time it had been in existence, and knowledge thereof on the part of the governing authorities and their failure to repair, together with the necessary allegations as to damage were sufficient to raise a jury issue as to whether there had in fact been actionable negligence on the part of the city. See *City of Rome* v. *Richardson*, 62 *Ga. App.* 85 (7 S. E. 2d, 927); *City of Brunswick* v. *Glogauer*, 158 *Ga.* 792, (124 S. E. 787).

There was no error in overruling the various grounds of demurrer.

■ The defendant offered in evidence a copy of an alleged city ordinance providing that no vehicle shall be driven on the city streets at a rate of speed greater than 25 miles per hour, certified as "a true and correct copy of an ordinance as the same appears of record in the book of ordinance of the City of Dalton" and signed by Guy W. Keister, Clerk, Mayor and Council of the City of· Dalton, Georgia. This paper was excluded on objection and error is assigned to this ruling.

Code § 38-606 provides that exemplifications of the "records or minutes of municipal corporations of this State" shall be admitted in evidence when certified by the clerks or keepers of such records. In the present instance, the exemplification was merely stated to be a correct copy of an ordinance "as the same appears of record in book of ordinance of City of Dalton." Had the book of ordinances been introduced it would have fallen

squarely under the rule of law that such a book or compilation is inadmissible unless accompanied by the adopting resolution. See *Western & Atlantic Railroad Co.* v. *Hix*, 104 *Ga.* 11 (30 S. E. 424); *Western & Atlantic Railroad Co.* v. *Swigert*, 57 *Ga. App.* 274 (195 S. E. 230). The fact that the clerk certifies that the alleged ordinance is an exemplification taken from such a book would give it no greater dignity than had the book itself been introduced. The Code section refers to the "records or minutes" of corporate municipalities, and the ordinance, without proof of its validity in the form of the proper records or minutes accompanying the same, would be inadmissible in evidence. See also *Western & Atlantic Railroad Co.* v. *Peterson*, 168 *Ga.* 259 (147 S. E. 513). The evidence having been properly excluded on objection, there was no error in the charge that there was no evidence before the jury as to the speed limit within the City of Dalton, as complained of in ground 2 of the amended motion for a new trial.

Grounds 1 and 2 of the amended motion are therefore without merit.

■ Error is assigned on the failure of the court, without request, to charge the jury on the law relative to the plaintiff's contention that the injuries complained of resulted solely from the plaintiff's own negligence as a matter of fact in operating his motorcycle at a high and dangerous rate of speed. The court fully stated the defendant's contentions in this regard as set out in the answer, and further charged that, if the jury found the plaintiff had failed to exercise ordinary care, he could not recover. He also charged the law as to contributory negligence. In the absence of written request, therefore, it appears that this subject was sufficiently covered. There is no merit in the third ground of the motion for a new trial as amended.

■ The evidence, although conflicting, was sufficient to authorize the jury to find for the plaintiff under one theory of the case, and their verdict, having the approval of the trial court, will not be reversed upon the general grounds.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*