HARRIS & MITCHELL *v.* McARTHUR, survivor.

1. Where action is brought on a lease and upon the absolute promissory notes, maturing at different dates, given as a consideration for the lease, one of the stipulations in the lease being that the notes, whether mature on their face or not, shall become due and be paid as fast as timber from the leased premises shall be cut, the declaration in its original form alleging that enough timber had been cut to make the notes mature as to a specified sum, the same is amendable so as to allege a less sum, and the amendment need not point out or specify which particular notes have matured, inasmuch as those earliest falling due on their face will be those to which the amendment applies, and this can be ascertained from the notes themselves, a copy of them being annexed to the declaration.

2. When a party admits the truth of facts to which an absent witness will testify, the admission being made to avoid a continuance

under section 3523 of the code, he has no right, after the opposite party has closed his evidence, to withdraw the admission because the witness is no longer absent but has come into court.

3. Errors assigned on the admission and rejection of testimony, to adjudicate upon which requires an examination of the evidence set out in the bill of exceptions, will not be considered where such evidence is not briefed as required by the statute, but consists in part of numerous documents, such as letters and deeds, copied in full instead of being abstracted so as to present the substance or the material parts only. Nor will this court determine whether the verdict was contrary to evidence or not.

4. The defendants below having requested the presiding judge on the final trial to give his charge to the jury in writing, it was error not to write out and read to the jury whatever instructions the court had to give them, and to direct orally a verdict for the plaintiff against the defendant for a specific sum and require a member of the jury to sign as foreman a verdict accordingly. The words "charges" and "charge" in section 244 of the code embrace any and all final instructions addressed by the court to the jury for the purpose of governing their action in making or aiding to make a final disposition of the case in favor of one litigant or the other.

August 23, 1892.                         *Judgment reversed.*

Amendment. Promissory notes. Practice. Admission. Evidence. Charge of court. Before Judge ROBERTS. Dodge superior court. February adjourned term, 1891.

Action by McArthur, surviving partner of the firm of McArthur & Griffin, against Harris & Mitchell, upon a contract of lease and certain promissory notes therein referred to. The contract was dated March 3, 1887, and by it McArthur & Griffin leased to Harris & Mitchell all the saw-mill timber upon lots of land 149, 153, 154, 176, 179, 180, 182, 183, 184, 185, 186, 204, 205 and 209 in the 13th district of Dodge county, and agreed to give them a right of way for a tram or railroad across said lots for ten years. It was further agreed that, notwithstanding the times and amounts as specified in the notes to be paid, should Harris & Mitchell cut the timber faster than the payments were specified to be paid, the amount of each payment should be increased so as to cover the excess of timber cut above the amount paid for, it being

the intention of the parties that the timber should not be
cut faster than paid for; and that as soon as the timber
to any of the lots was taken off, the lease to said lots
should revert to McArthur, except as to the right of
way, etc.    The lease contained the further stipulation,
that should any of the lots be encumbered, McArthur
reserved the right to substitute the amount for said lot
or lots on the last note or notes and take it or them from
the lease.    The notes are of the same date as the lease;
four of them are for $500 each, and one is for $600.
The declaration alleged that the defendants were in-
debted to the plaintiff $3,100 on the lease and notes;
that the saw-mill timber on the lots of land mentioned
in the lease had all been cut and removed, and the pur-
chase money for which the notes were given became
due and payable under the terms of the lease as fast as
it was cut, and that the sum sued for was the balance
due and unpaid.    During the progress of the argument
of defendants' counsel to the jury, the plaintiff offered
to amend his declaration by alleging that all of the saw-
mill timber upon the lots of land described in the lease
had been cut and used at or before the filing of the suit,
except lots 182 and 183, and that at or before filing of
the suit there was due the plaintiff by the defendants on
the lease and notes $2,300, etc.    To this amendment
the defendants objected on the ground that the suit was
on six notes, the last two of which were for $500 and
$600 respectively, and  that  the  amendment  should
specify which were due, and should withdraw the suit
as to such as were not due and not merely as to the lots
of land not cut.    The allowance of the amendment
over this objection was assigned as error.

When the case was called for trial, the plaintiff stated
that Hamilton Clark, a material witness for him, was
absent though duly subpœnaed; that he would testify
that the timber had all been cut on lots numbers 154,

176, 184, 185, 186, 204, 205 and 209, before the filing of the suit; and that plaintiff would be ready for trial only in the event the defendants would admit the truth of said fact expected to be proved by the absent witness. Thereupon the defendants announced that they would admit that the timber was all cut on said lots, and the trial proceeded. After the plaintiff had concluded offering testimony, the defendants called the court's attention to the fact that Hamilton Clark had come into court and was then present, stating that the admission of the fact above recited was made for the purpose of avoiding a continuance on the ground of the absence of the witness; and requested that, as the witness was in court, the defendants be allowed to withdraw their admission, and the plaintiff be required to prove by the witness the fact so admitted. The court held that the admission was unqualified and could not be withdrawn, to which ruling the defendants excepted.

The bill of exceptions sets forth many assignments of error upon the admission and rejection of evidence, and alleges that the verdict is contrary to the evidence and decidedly and strongly against the weight of the evidence. In the Supreme Court counsel for the defendant in error moved to dismiss the bill of exceptions on the grounds, (1) that the errors assigned require a review of the evidence and the verdict, which could not be done by direct bill of exceptions, no motion for a new trial having been made; and (2) that there was no brief of the written evidence brought to this court for review. As to this motion see the third head-note.

After the evidence at the trial was closed, the court directed the argument to the jury to proceed. The defendants requested the court to give a written charge to the jury, according to the terms of the statute. After one of the attorneys for the defendants had concluded his argument, plaintiff's counsel read to the court the

law on which he proposed to rely. The other attorney for the defendants rose to begin his argument, whereupon the court of its own motion, without any prior intimation that such direction of the case was thought of and in the absence of further argument, directed a verdict for the plaintiff against the defendants for $2,300 with interest, and required a member of the jury to sign it as foreman. To this ruling also the defendants excepted.

STEED & WIMBERLY and EASON & SWAIN, for plaintiffs in error.

J. E. WOOTEN and SMITH & CLEMENTS, *contra.*