## HARRISON v. RICHARDSON.

1. An entry of *nulla bona* upon an execution issued from a justice's court, by one who had previously been elected constable, and who at the time of the entry was "acting as constable generally," was not invalid because he was not then under bond.
2. It was error, on the trial of a claim case, to admit in evidence

in favor of the plaintiff in execution a written statement pre-
viously made by the defendant in execution, to the effect that
at the time it was signed there were no judgments binding his
property, such statement being offered for the purpose of im-
peaching a judgment against the defendant in execution, in
existence when the statement was made, and the claimant's
title to the property in dispute depending upon the validity of
a sale under that judgment. The fact that the statement was
sworn to added nothing to its competency for the purpose in-
dicated; for, notwithstanding this fact, it was hearsay only.

Submitted November 30,—Decided December 7, 1896.

Levy and claim. Before Judge Smith. Twiggs supe-
rior court. April term, 1896.

*L. D. Moore,* for plaintiff in error.
*R. V. Hardeman* and *F. Chambers,* contra.

LUMPKIN, Justice.

An execution in favor of Richardson was levied upon a
tract of land as the property of Harrison, to which a claim
was interposed by his wife. The property was found sub-
ject, and Mrs. Harrison excepted to the overruling of her
motion for a new trial.

1. Her claim of title rested upon a deed from the sheriff
to her as the purchaser of the land in dispute at a sale there-
of under certain justice's court executions against her hus-
band. This sale occurred more than six years before the
rendition of Richardson's judgment against Harrison. Upon
these executions were certain entries of *nulla bona,* signed
"W. B. Edmondson, constable." Richardson contended
that these entries were void because, at the time they were
made, Edmondson was not, in point of fact, a lawful con-
stable. It appeared from the evidence, that before the
making of the entries in question he had been elected and
had served as constable, and also, that at the time these en-
tries were made, he was "acting as constable generally."
The court charged, in substance, that, under the facts re-
cited above, the entries were not invalid, although Ed-
mondson, at the time of making them, may not have been

under bond.   We do not think this charge was erroneous, for enough appears to show that Edmondson was at least a *de facto* constable.

2. An effort was made to impeach Mrs. Harrison's title by attacking the validity of the judgments under which her husband's property was sold by the sheriff.   It appears that after the rendition of those judgments, and while they were apparently valid and subsisting liens against the property of Harrison, he had, for the purpose of borrowing money, made an affidavit in which, among other things, it was stated that at the time of its execution there were no judgments binding his property.   This paper was offered in evidence by the plaintiff in execution, for the purpose of showing that the judgments against Harrison under which the sheriff sold the property to Mrs. Harrison were void at the time of the sale.   Clearly, this evidence amounted to hearsay only, not being rendered otherwise because in the form of an affidavit.   Treating it as an admission, it could in no possible view be binding upon Mrs. Harrison, not having been made by her, but by her husband, who certainly could not undertake to bind her by his own statements made in a transaction in which she was in no way legally concerned.   The trial judge, however, admitted this affidavit, and also, over the claimant's objection, permitted counsel for the plaintiff to argue to the jury that the affidavit was the sworn testimony of the defendant in execution.   The errors thus committed were manifestly prejudicial to the claimant's case, and require the granting of a new trial.                    *Judgment reversed.*