## CENTRAL OF GEORGIA RAILWAY COMPANY *v.* PERKERSON, and *vice versa.*

BY THE COURT.    1. It is not error to overrule a motion for a new trial on a ground which, substantially stated, is as follows: A request to charge the jury in writing having been properly made, the judge received from the clerk's office a copy of the charge given by him on a former trial of the case, made certain pencil changes therein, and attached thereto a number of written requests to charge.    So prepared the charge was read, and the same handed to the clerk as soon as delivered.    The charge so prepared contained all the instructions given to the jury.    Subsequently, after the verdict was rendered, the judge had the official stenographer to copy this charge, which. copy he verified.    The pencil changes and additions were then erased from the original, which was returned to the clerk as part of the record of the first

trial. The charge written out, after verification, was filed in the clerk's office several days after the trial. The charge as read remained with the clerk several days before being copied.

(*a*) Under the facts above stated, the statute requiring written charges to be given was substantially complied with.

(*b*) The facts set out above do not constitute a good ground of a motion for a new trial, for the reason that the conduct of the judge of which complaint is made occurred after the verdict had been returned and the trial had ended.

2. No error sufficiently material to require the grant of a new trial appears to have been committed.

Submitted March 1, — Decided June 7, 1902.
Rehearing denied June 16, 1902.

Action for damages. Before Judge Nottingham. City court of Macon. June 29, 1901.

*Hall & Wimberly* and *J. E. Hall,* for the railway company.
*Guerry & Hall* and *A. J. Camp,* contra.

LITTLE, J., dissenting. There is no difference between my brethren and myself as to the correctness of the rulings made by the trial judge in overruling the motion for a new trial, except as to that ground of the motion which is set out substantially in the first headnote preceding this opinion; and we all agree that no cause for setting aside the verdict appears in any other of the very numerous grounds of the motion. If any error was committed by the trial judge, as indicated in such grounds, it was immaterial, and should not cause a judgment of reversal. Following the well-understood rule of this court that where the judgment on the main bill of exceptions is affirmed the cross-bill will be dismissed, the merits of the exceptions taken in the cross-bill are not considered by the majority of the court. The conclusions which my brethren have reached, and to the correctness of which I can not assent, are, first, that the trial judge complied with the statute and gave to the jury on the trial of this case his charge in writing; second, that even if this were not true, the plaintiff in error is complaining of the action of the judge which was taken after the trial, after verdict and after judgment. Having thus stated the conclusions reached by a majority of the court, I will now proceed to give the reasons which impel me to believe that the judgment overruling the motion for a new trial should be reversed, because the court erred, after being requested to charge the jury in writing, in adopting the method set out in the first of the preceding headnotes.

As it appears in the record, the ground of the motion which shows the action referred to in the first of the foregoing headnotes is as follows: " On the trial of the case, before the beginning of the argument, said defendant, the Central of Georgia Railway Company, by its counsel, requested the judge of said court trying said case to give his charge to the jury in writing. The court adopted and used as his charge the charge given on the first trial of said cause, with certain pencil changes written thereon, said original having been of file in said original cause in said court, attaching thereto certain written requests, including written requests of defendant's counsel, being 4 1/2 pages, . . with certain changes as the court made therein, all of which was by the court read to the jury, which charge was handed to the clerk by the court as soon as delivered, and was [not] marked filed other than the entry of filing on the original charge made on former trial. The court did not charge the jury other than [what was] written as aforesaid. After said trial was over, and after the verdict was rendered, the court had the stenographer, the regular court reporter, to make a copy of the charge as read, which, after verification by the court with the help of the reporter, was filed as of April 30th, 1901, and the pencil changes and the additions to the charge on the first trial of said case were then totally erased by the court so as to leave the record in first trial undisturbed, and the original charge, after erasures of pencil changes, which with pencil changes had been read to the jury, was returned to the clerk, but in lieu thereof the charge written out by the stenographer, after the trial and after verification by the court, was handed to the clerk and marked filed several days after trial. The charge read remained with the clerk several days before copied by the reporter." It is contended by counsel for the railway company that this was not a substantial compliance with the Civil Code, §§ 4318, 4319. On the part of counsel for the defendant in error it is claimed that this (if error) can not be set up in a motion for a new trial, because it appears that the charge was given in writing and filed as given, while the complaint is only that the judge, after verdict, had a copy of the charge as given made and filed in the court. It is further contended that there is no complaint or suggestion that this is not an exact and accurate copy of the one given by the court which was filed; that plaintiff in error was deprived of no right and suffered no hurt; that the law was complied with,

in that the charge given was reduced to writing and filed as given; and that this can not be a proper ground of a motion for a new trial, because the matter complained of therein did not occur until after the trial.

The Civil Code, § 4318, requires that the judges on the trial of all civil cases shall charge the jury in writing; "that is to say, shall write out their charges and read the same to the jury, when the counsel for either party shall require them to do so ; and it shall be error for such judge to give any other or additional charge than that so written out and read." Section 4319 declares that "The charge, so written out and read as aforesaid, shall be filed, as soon as delivered, with the clerk of the court in which the same was given, and shall be accessible to all persons interested in the same; and the clerk shall give certified copies thereof to any person applying for the same, upon the payment of the usual fee." In construing the last section referred to, this court ruled in the case of *Jones* v. *State*, 65 *Ga.* 506, that when such charge is written out and read to the jury, it then becomes an office paper. This court also in several cases has had occasion to construe the two sections of the code which I have cited. They are founded on an act passed in 1860; hence have been the law in this State for more than forty years. In the case of *Fry* v. *Shehee*, 55 *Ga.* 208, Jackson, J., in delivering the opinion of this court said : "Our Code is very plain. The judge is positively required to put his charge in writing on the demand of either party ; and he is required *to file this written charge in office* for the inspection of all concerned. . . The great object of the statute is to prevent disputes between the judge and counsel as to what was the charge; and the only way to prevent them is to require the courts to conform rigidly to the statute." In the case of *Harris* v. *McArthur*, 90 *Ga.* 216, it was ruled that where the defendants had requested the presiding judge to give his charge in writing, it was error not to write out and read to the jury whatever instructions the court had to give them, and likewise error to direct orally a verdict for the plaintiff against the defendant for a specific sum, and have a member of the jury to sign as foreman accordingly. In *Burns* v. *State*, 89 *Ga.* 527, where the presiding judge was requested to charge the jury in writing, it was ruled to be error for him to even instruct the jury orally as to the form of their verdict, instead of writing out and

reading such instructions as a part of his written charge. In
*Wheatley* v. *West*, 61 *Ga.* 401, Judge Bleckley, in referring to these
provisions of our statute, said : "These sections of the Code stand
as a kind of constitutional law between bench and bar.   They en-
title the counsel to have the written word instead of oral tradition.
They provide for preserving and handing down the word as a sure
and enduring memorial of what was actually delivered.   There is
to be no controversy over the text of the charge ; no uncertainty
as to what revelation fell from the bench into the jury-box.   The
judge is not to speak, but to read; and when his manuscript is ex-
hausted he is to become silent.  .  .   The judge has no discretion ;
he must write out his charge and read it to the jury, and he must
not 'give any other or additional charge.'  .  .  As to substituting
stenographic reporting in place of first writing, and then reading the
charge as written, that is for the General Assembly, and not for the
judiciary ; and as to there being no complaint that the charge was
not correctly reported, it can not be that in order to get a written
charge, when any other is positively forbidden by the statute, the
plaintiff in error must show or suggest that the oral charge was
not correctly taken down by the reporter."

I have referred to these cases for the purpose of showing that
not only have these provisions of our law been deemed to be im-
portant, but they have been uniformly construed so as to accom-
plish the purpose which they were intended to subserve, and have
been enforced in their very spirit.   It will be noted that the sec-
ond section referred to requires that the charge so written and read
shall be filed with the clerk as soon as delivered, and shall be ac-
cessible to all persons interested in the same.   The filing of a writ-
ten charge in a manner which does not make it accessible to all
persons concerned is not a compliance with this statute.   What
benefit would a party derive from the law if the charge was writ-
ten out and filed, but withheld from him ?   In the present case it
appears that the trial judge, when requested to put his charge in
writing, took the record of his charge delivered in the first trial of
the case; that he made certain additions in pencil, and attached a
number of pages of written requests to charge, and that the charge
so prepared was actually read to the jury and delivered to the
clerk.   This may have been (in that all he delivered was in writ-
ing) a compliance with the letter of the statute; but in all events,

and under all circumstances, the parties are entitled to access to the charge just as it was delivered, and just as it was filed. Actuated, undoubtedly, by good motives, and to accomplish solely the purpose of putting the record in better shape, subsequently to the filing the judge withdrew the writing which contained his charge, and had the same copied by the official stenographer, and, ascertaining that the copy was correct, he afterwards filed that copy as his charge in the case. The filing of the last paper was just as much a filing as was that of the first, — more, it is the only charge which, as shown by the files of the court, was given in this case, notwithstanding a request to charge in writing was requested and required. The filing of the last paper was the only compliance with that part of the statute which requires that the charge when filed shall be accessible to all persons interested. It is therefore my opinion that while the charge was made in writing as requested, it was not filed in compliance with the law, because its withdrawal and the substitution of a newly written charge afforded an opportunity for controversy over the text of the original charge, and left uncertain " what revelation fell from the bench into the jury-box," because part of the original matter had been erased, and of that there was no record. Aside from the question of the propriety or legality of withdrawing from the court records a charge previously filed, the withdrawal by the judge, from the office of the clerk, of the charge which he had delivered to the jury, must relate back to its original filing. It is no reply to say that the law requires a filing. It does. It at the same time requires the filing in such a manner as that the paper filed shall be accessible. Although filed in office, and perhaps not within the judicial right of the judge to withdraw it, when he did withdraw it and subsequently filed another paper, even though it may have contained the very words of the charge as given, and been in better shape, it was not a compliance with the statute which required him to file the original as soon as it had been read, in such a manner that the same should be accessible to the parties. The right given by the statute is an important one, and the benefits of the statute should be preserved to litigants. Inasmuch as the withdrawal of the charge after it was filed, subsequently to the verdict, was the equivalent of a failure, in the sense of the statute, to file the written charge as soon as delivered, it presents, in my opinion, a good ground for a motion

for a new trial; and since the judge erred in not complying with the statute in the matter of filing his charge as required, a new trial should have been granted.

Error is assigned by the defendant in error, in a cross-bill. She excepts to the order of the trial judge, made at the hearing of the motion for a new trial, by which the response to the rule nisi, and certain affidavits accompanying, were disallowed and stricken. These affidavits related to the inaccessibility to the process of the court of one of the witnesses whose evidence, taken on a former trial, was allowed to be read by the plaintiff, over the objection of the defendant, at the trial, after the submission of evidence to the presiding judge. This evidence could not have been read in the absence of the finding by the judge that the witness was inaccessible in the sense of the statute. Necessarily that finding was based on the evidence submitted when the plaintiff offered to read it. If the evidence was not sufficient to authorize that finding, the judge erred in allowing it to be read. If it was error then, the affidavits submitted at the hearing could not, however strong they might be, cure that error. See *Fletcher* v. *Collins*, 111 *Ga.* 253 (7), (8). In order to determine whether the judge erred in the ruling complained of, the question whether or not the witness was inaccessible can be determined alone by a consideration of the evidence submitted when it was offered during the trial. Evidence as to that question of fact, subsequently submitted, can have no effect. For myself, I question the propriety of admitting, on the hearing of a motion for a new trial, additional or cumulative evidence on any question passed on by the judge, and I think that the admissibility of additional evidence on such hearing should be confined to those questions made in the motion, of which the judge had no knowledge, which did not arise in the progress of the case, and on which he did not pass. There was no error in striking the response, and the affidavits submitted.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. All the Justices concurring, except Little, J., dissenting, and Lewis, J., absent.*