## CITIZENS BANK OF BAINBRIDGE v. FORT.

1. The Civil Code (1910), § 4847, provides that "The judges of the superior courts of this State shall, in all cases of felony, and on the trial of all civil cases tried before them, give their charges to the jury in writing; that is to say, shall write out their charges and read the same to the jury, when the counsel for either party shall require them to do so; and it shall be error for such judge to give any other or additional charge than that so written out and read." The next section provides for the immediate filing of such charge so as to become a part of the record.

2. It has been held by this court, in *Harris & Mitchell* v. *McArthur*, 90 *Ga.* 217 (4), that the section above cited includes an affirmative charge or direction to the jury to find a verdict for one party or the other.

(a) That was a unanimous decision rendered when the court was composed of three Justices. In order to reverse it the concurrence of five Justices of the present bench is necessary (Civil Code (1910), § 6207). That number do not concur in reversing it, and it stands as the decision of this court.

OCTOBER 14, 1914.

Certified question; from Court of Appeals (Case 5499).

The Court of Appeals propounded to the Supreme Court the following question, a decision of which was certified to be essential to a determination of the case, to wit: "Where a judge is requested to give his charge to the jury in writing, and his instructions to the jury are confined to the direction of a verdict, does section 4847 of the Civil Code require that the direction shall be written out and read to the jury; and is the giving of such a direction orally, instead of in writing, an error requiring the grant of a new trial? In this connection the attention of the Supreme Court is called to the ruling in *Harris & Mitchell* v. *McArthur,* 90 *Ga.* 217 (4), which counsel for the plaintiff in error seek to have reviewed and overruled."

*Glessner & Park* and *M. E. O'Neal,* for plaintiff.

*William I. Geer,* for defendant.

LUMPKIN, J. In *Harris & Mitchell* v. *McArthur,* 90 *Ga.* 217 (15 S. E. 758), the fourth headnote reads as follows: "The defendants below having requested the presiding judge on the final trial to give his charge to the jury in writing, it was error not to write out and read to the jury whatever instructions the court had to give them, and to direct orally a verdict for the plaintiff against the defendants for a specified sum and require a member of the jury to sign as foreman a verdict accordingly. The words 'charges' and 'charge' in section 244 of the code embrace any and all final instructions addressed by the court to the jury for the purpose of governing their action in making or aiding to make a final disposition of the case in favor of one litigant or the other." This is a direct ruling on the question propounded by the Court of Appeals. The only question is whether this court will adhere to that decision or will reverse it. It might be sufficient to say, that it was a unanimous decision rendered at a time when the Supreme Court consisted of three Justices; and that by the statute it requires the concurrence by five Justices of this court (now consisting of six Justices) to reverse it. The writer deems it not improper to say that the decision above cited does not stand alone. By the Civil Code (1910), § 4847, it is declared: "The judges of the superior courts of this State shall, in all cases of felony, and on the trial of all civil cases tried before them, give their charges to the jury in writing; that is to say, shall write out their charges and read the same to the jury, when the counsel for either party shall require them to do so; and it shall be error for

such judge to give any other or additional charge than that so written out and read." The next section declares: "The charge so written out and read as aforesaid shall be filed, as soon as delivered, with the clerk of the court in which the same was given, and shall be accessible to all persons interested in the same; and the clerk shall give certified copies thereof to any person applying for the same, upon the payment of the usual fee." Thus the legislature saw proper to pass a mandatory statute that the trial judges "when the counsel for either party shall *require* them to do so," must write out and read their charges, and must file them, as soon as delivered, so as to make a record of what was said to the jury in instructing them as to their finding. It was expressly declared that "it shall be error for such judge to give any other or additional charge than that so written out and read." These may be stringent limitations on the judge; but the courts did not make them, the lawmaking power— the legislature—did so.

In *Fry* v. *Shehee,* 55 *Ga.* 208, Jackson, J., said: "Our Code is very plain. The judge is positively required to put his charge in writing on the demand of either party; and he is required to file this written charge in office for the inspection of all concerned. How can he file a written charge in office, when a part of it only is written and the rest is in his memory? The great object of the statute is to prevent disputes between the judge and counsel as to what was the charge; and the only way to prevent them is to require the courts to conform rigidly to the statute." In *Wheatley* v. *West,* 61 *Ga.* 401, 408, Bleckley, J., said: "These sections of the Code stand as a kind of constitutional law between bench and bar. They entitle the counsel to have the written word, instead of oral tradition. They provide for preserving and handing down the word as a sure and enduring memorial of what was actually delivered. There is to be no controversy over the text of the charge; no uncertainty as to what revelation fell from the bench into the jury-box. The judge is not to speak, but to read; and when his manuscript is exhausted he is to become silent. It would seem that if counsel can not depend upon the guaranty afforded them by these sections of the Code, they can depend upon no promise made to them in the law. If they can not get a written charge, what can they get? What are they to trust in the whole compass of the statutes, if they are to be disappointed when they cite such peremptory language as

that found in these two sections? The judge has no discretion; he must write out his charge and read it to the jury, and he must not 'give any other or additional charge.' 38 *Ga.,* 304; 54 Ib., 231; 55 Ib., 208; 57 Ib., 285 (18). As to substituting stenographic reporting in place of first writing, and then reading the charge as written, that is for the General Assembly, and not for the judiciary; and as to there being no complaint that the charge was not correctly reported, it can not be that in order to get a written charge, when any other is positively forbidden by statute, the plaintiff in error must show or suggest that the oral charge was not correctly taken down by the reporter. The complaint is that the whole oral charge was illegal because the case was one for a written charge, and no other. What objection to a charge is more fatal than that every syllable of it was delivered contrary to law?" Warner, C. J., concurred specially. Jackson, J., dissented.

In *Jones* v. *State,* 65 *Ga.* 506, it was said: "In all cases of felony a charge in writing may be required at the instance of either party; and when so written out and read to the jury, it becomes an office paper, is to be filed with the clerk of the court, and shall be accessible to all persons interested in the same." In *Burns* v. *State,* 89 *Ga.* 527 (15 S. E. 748), it was held: "It is no failure to comply with a request to charge the jury in writing for the judge, instead of copying into his charge sections of the code which he submits to the jury, to read these sections verbatim from the code itself, noting accurately in his written charge the sections so read; but it is error for him to instruct the jury orally as to the form of their verdict, instead of writing out and reading such instructions as a part of the written charge given. The request to charge in writing covers all final instructions to the jury touching their action upon the case." In *Central Ry. Co.* v. *Perkerson,* 115 *Ga.* 547 (41 S. E. 1018), the majority of the court held that reading a charge delivered on a former trial of the same case, with certain pencil changes therein, and then having it recopied as thus altered and the copy filed, was a substantial compliance with the statute. Little, J., dissented.

The rulings of this court may appear somewhat strict, but they were based on a statute that was very strict. In view of what is said above, it is unnecessary to discuss statutes of other States or rulings under them. The question propounded by the Court of Appeals is answered in the affirmative. *All the Justices concur.*