5499, 5557.    CITIZENS BANK OF BAINBRIDGE *v.* FORT;
and *vice versa.*

1. The court did not err in sustaining the demurrer to the plea in abatement, in which the defendant attempted to set up that he had not been served.
(*a*) Upon process directed to the sheriff of the city court of Blakely was what purported to be an entry of personal service upon the defendant, signed by "T. J. Howell, sheriff." Prima facie, one signing an entry of service as sheriff will be presumed to be sheriff in the jurisdiction in which he purported to act; and the sheriff of Early county is by law the sheriff of the city court of Blakely.
(*b*) There being no traverse of the entry of service, and, therefore the sheriff not being a party, the plea in abatement was bad; since the officer who made the return of service is an indispensable party to the traverse which is an indispensable accompaniment to a plea in abatement based upon the ground of non-service.
2. An oral request that the charge of the court as a whole be reduced to writing and read to the jury is sufficient to invoke the statutory requirement which inhibits a trial judge from giving to the jury any other or additional charge than that so written and read.
3. Under the decision of the Supreme Court in *Harris & Mitchell* v. *Mc-Arthur*, 90 *Ga.* 216 (15 S. E. 758), which that court has refused to overrule (*Citizens Bank of Bainbridge* v. *Fort*, 142 *Ga.* 611 (83 S. E. 235)), the trial judge did not err in granting a new trial, upon the assignment of error based on his refusal to reduce to writing and read to the jury his instruction directing a verdict for the plaintiff, although the verdict rendered may have been demanded by the evidence.

DECIDED DECEMBER 9, 1914.

Complaint; from city court of Blakely—Judge Sheffield. November 25, 1913.

*Glessner & Park, M. E. O'Neal,* for plaintiff.

*W. I. Geer,* for defendant.

RUSSELL, C. J. The Citizens Bank of Bainbridge brought suit in the city court of Blakely against A. Fort, upon two promissory notes. Process was issued, directed to the sheriff of the city court of Blakely, and a return of personal service was made. The entry of service was signed, "T. J. Howell, sheriff." Fort interposed an alleged plea of non est factum, and the defense that the bank was not an innocent holder of the notes, accompanied by a plea of failure of consideration, and also a plea in which it was alleged that he was overreached, intimidated, and coerced into signing one of the notes. He assumed the burden of proving that the bank took the notes with full notice of his defenses. At the conclusion of the evidence counsel for the plaintiff moved that the court direct

a verdict against the defendant, and the court indicated that this motion would be sustained. Thereupon counsel for the defendant orally requested the judge to reduce to writing any charge or instructions which he intended giving the jury. The judge replied that he did not intend to charge the jury, but intended merely to direct its foreman to sign a verdict which the plaintiff's counsel were preparing. He gave this direction orally, and a verdict against the defendant was rendered as directed. A motion for a new trial was filed by the defendant, which contained, besides the usual general grounds, an assignment of error on the direction of the verdict, and an assignment that the court erred in disregarding the request of defendant's counsel for the judge to reduce to writing his charge to the jury. The trial judge overruled all the grounds of the motion for a new trial, except that in which complaint was made of his failure to comply with counsel's request that the court's direction of a verdict be reduced to writing and read to the jury in compliance with the provisions of section 4847 of the Civil Code, and granted a new trial solely upon this special ground. The judgment granting a new trial is the basis of the main bill of exceptions, and presents the question whether the failure of the trial judge to reduce to writing and read to the jury a mere direction that one of the jurors impanelled sign a verdict which has been prepared is such error as to require the grant of a new trial, although the verdict directed may have been demanded by the evidence in the case.

In a cross-bill of exceptions it is complained that the court erred in striking a plea in abatement, in which it was alleged that the entry of service was void and that the defendant had never been legally served with process; that while Howell, who was sheriff of Early county, and who purported to have served the defendant, should be ex-officio sheriff of the city court of Blakely, he was not qualified to act in that capacity, by reason of the fact that he had failed to take the oath or give the bond required by the act creating the city court of Blakely, and that his bond had not been approved by the judge of that court, as required by law. This plea was stricken, on the ground that it set forth no valid and legal defense; and although in the motion to strike it is alleged in addition that the plea shows on its face that Howell was a good de-facto officer, it is not necessary (in the view that we entertain) to consider that

phase of the matter, for if the ruling was correct for any reason, it should be upheld.

1. In view of its logical and chronological precedence, we shall first consider the point raised by the cross-bill of exceptions. The plea in abatement was fatally defective, and it was properly held that the plea presented no legal defense. Prima facie, one who signs an entry of service as sheriff will be presumed to be sheriff in the jurisdiction in which he purported to act. *Young* v. *Germania Savings Bank,* 132 *Ga.* 590 (6), 491 (64 S. E. 552); *Rucker* v. *Tabor,* 126 *Ga.* 132 (54 S. E. 959). Where a record shows a return of service prima facie valid, the objection to lack of service can be made only by a plea in abatement accompanied by a traverse of the official return. *Bell* v. *New Orleans & Northeastern Ry. Co.,* 2 *Ga. App.* 812 (59 S. E. 102). Consequently a person purporting as an officer to have made a return of service is so indispensable a party to the traverse that the presumption that he was qualified to act in serving the process which he undertook to serve can not be rebutted until he has had an opportunity to be heard. *Georgia Ry. & Power Co.* v. *Davis,* 14 *Ga. App.* 790 (82 S. E. 387, 388). Prima facie, at least, the return of an officer imports verity; and when there is no traverse of a sheriff's entry of service, any question as to whether the defendant was legally served may be disregarded. It being stated in the plea itself that T. J. Howell is the sheriff of Early county, and that under the law creating the city court of Blakely the sheriff of Early county is ex-officio sheriff of the city court of Blakely, the writer would be inclined to hold that his acts in serving process as sheriff of the city court of Blakely would be valid, as the acts of a de-facto officer, although he may not have qualified by taking the oath or giving the bond required by law. In this connection see *Cooper* v. *Ricketson,* 14 *Ga. App.* 63-68 (80 S. E. 217); *Smith* v. *Meadow,* 74 *Ga.* 416 (58 Am. R. 438); *Penn* v. *McGhee,* 6 *Ga. App.* 631 (3), 635 (65 S. E. 686); *Gunn* v. *Tackett,* 67 *Ga.* 725; *Harrison* v. *Richardson,* 99 *Ga.* 763 (27 S. E. 173). However, since we are of the opinion that the plea in abatement was fatally defective for the reason that there was no traverse of the entry of service, and that therefore the purported officer's lack of authority was not properly attacked, nor an opportunity afforded him to defend his title, it is not necessary to determine whether the service by Howell was in fact good as the act of

a de-facto officer. It was not denied that prima facie the writ was served by an officer duly authorized to execute the process, and yet the defendant failed to take the first essential step toward bringing in question the validity of the service, by omitting to traverse the return of service of an officer presumptively clothed with the authority which the defendant by his plea was attempting to deny. In this view of the matter, the judgment on the cross-bill of exceptions must be affirmed.

2. Only two points are pressed upon our consideration by counsel for the plaintiff in error in the main bill of exceptions,—the one that an oral request for the entire charge of the court to be reduced to writing and read to the jury is ineffective, and the other the contention that a mere direction of a verdict, with instructions to one of the jurors to sign such verdict, is not a charge of the court within the meaning of section 4847 of the Civil Code, which prohibits a judge from delivering any instructions not reduced to writing, read to the jury, and filed, whenever he is required by either party to deliver his entire charge in writing. According to the uniform practice in this State, so far as we are aware, requests that the entire charge of the court be reduced to writing and read to the jury have generally been presented orally, and it has never been held that it was essential to reduce such a request to writing. We have been unable to find any decision in which it was ruled that the request must be reduced to writing. In conformity with usage, as well as upon reason, we are constrained to hold that by timely oral request a judge may be required to comply with section 4847 of the Civil Code, and to confine his instructions to the jury entirely to a written deliverance. The very apparent reason for the passage of the act requiring a trial judge to reduce his charge to writing when requested so to do does not extend to the mere request, which is nothing more than the medium or instrumentality by which the litigant's desire for written instructions is conveyed to the court. The purpose of the requirement that a judge shall when requested reduce his entire charge to writing is to prevent any dispute or question as to what was charged by the court; and to this end the statute requires that the instructions as written out and read shall be immediately filed with the clerk. For a like reason it is necessary that requests for instructions upon specific points be reduced to writing, as required in section 6084 of the Civil Code. If any-

thing so comprehensive and important as a complete charge (or even instructions upon a given point), were trusted to memory alone, there would be great latitude for differences and discrepancy in recollection. And it is not impossible that there may be errors even in a stenographic report. As was said by Judge Bleckley in *Wheatley* v. *West,* 61 *Ga.* 408, the law embodied in section 4847 of the Civil Code stands as "a kind of constitutional law between bench and bar," and (impliedly referring also to requests for special instructions, which are expressly required to be in writing), he continued: "They entitled the counsel to have the written word, instead of oral tradition. They provide for preserving and handing down the word as a sure and enduring memorial of what was actually delivered. There is to be no controversy over the text of the charge; no uncertainty as to what revelation fell from the bench into the jury box." This court has several times strictly construed the code section now under consideration, to the end that there should be no abridgment of the guaranty afforded counsel by the provision which requires the judge to reduce his entire charge to writing and to give no instructions otherwise than by reading what has been written. But the particular verbiage of a request that the charge be reduced to writing is immaterial, and the reasons for requiring that the entire charge be reduced to writing do not apply to this request. Court and counsel might differ about what the judge said in his charge to the jury, and the difference might be of controlling materiality in the case, but when no particular instruction is requested, and the request is merely that the judge shall put his charge in writing and read it to the jury, there is no more reason why the request should be required to be in writing than that counsel should be required to reduce to writing objections to testimony, motions to sequester witnesses, or requests to poll the jury, and the like.

3. Since the trial judge overruled all the grounds of the motion for new trial save the one in which it was insisted that the judge erred in failing to reduce to writing his instruction to the jury to find a verdict in favor of the plaintiff, and granted the new trial expressly on that ground, the decision in this case is necessarily controlled by the ruling of the Supreme Court in *Harris* v. *McArthur,* 90 *Ga.* 216 (4), 217 (15 S. E. 758), in which, upon a state of facts practically identical with those presented in this case, the

precise point was ruled. If the precise point had not been the subject of adjudication by the Supreme Court, and the question had been presented to us as an original proposition, we would have been inclined to hold that a mere direction to a jury to sign a verdict which the court had determined to be the proper legal result of the trial was not within the purview of section 4847, supra. As an original proposition, a charge by a court impliedly denotes (in this State, where the judge is expressly forbidden to express an opinion upon the facts) such an authoritative statement of the law applicable to the issues involved as will enable the jury understandingly to apply the law to those facts and those only which they believe to have been proved. When a judge appropriately instructs a jury in a case in which there are contested issues of fact, the law imposes upon the jury entire responsibility for the result reached by their verdict; and therefore, if the law had not been settled by the ruling in *Harris* v. *McArthur,* supra, this court might have been inclined to hold that the court's legal conclusion upon the facts as embodied in a directed verdict (signed merely as a matter of form and without any regard to the juror's opinion of the facts) could not come within the meaning of the term *"charges,"* as employed in the statute. For this reason, and in order to comply with the request of counsel for a review of the decision in *Harris* v. *McArthur,* supra, the attention of the Supreme Court was called by this court to the ruling in that case, with request for instruction whether the rule therein announced was adhered to. It is unquestioned (because repeatedly ruled) that the giving of any oral instruction whatsoever which would enable or assist the jury to reach for themselves a conclusion is such error as to require the grant of a new trial, when a timely request for the judge to deliver his charge in writing has been preferred; and since the Supreme Court, in adherence to the ruling in *Harris* v. *McArthur,* supra, includes within the meaning of the word "charges," as used in the code section, "an affirmative charge or direction to the jury to find a verdict for one party or the other" (*Citizens Bank of Bainbridge* v. *Fort,* 142 *Ga.* 611, 83 S. E. 235), it is apparent that the trial judge in the present case did not err in granting the new trial.

*Judgment affirmed on both bills of exceptions. Broyles, J., not presiding.*