## McKNIGHT *v.* BELDING *et al.*

EVANS, P. J. 1. A petition alleging that the defendant executed a deed to secure a debt to one of the plaintiffs, that the defendant defaulted in the payment of the debt at maturity, and the land was sold pursuant to and in accordance with the power of sale contained in the security deed, and was purchased by the plaintiffs (the security deed authorizing the purchaser to buy at such sale), to whom the grantee in the security deed made a deed agreeably to the provisions of the power of sale, and that the defendant refused to yield possession, stated a cause of action entitling the plaintiffs to a recovery of the land.

2. The propriety of the direction of a verdict can not be reviewed in the absence from the record of the evidence submitted at the trial.

3. It has been held by this court in *Harris* v. *McArthur*, 90 *Ga.* 216 (4), 217 (15 S. E. 758), and *Citizens Bank of Bainbridge* v. *Fort*, 142 *Ga.* 611 (83 S. E. 235), that Civil Code § 4847, requiring judges, when requested, to give their charges in writing, applies to a direction to the jury to find a particular verdict for one party or the other. Nevertheless, where the evidence is not brought up in the record, so that the correctness of the verdict by the court can be reviewed, a new trial will not be granted solely because of the failure of the judge to reduce to writing his direction to the jury to return the verdict which was rendered in this case.

*Judgment affirmed. By five Justices, all concurring.*
SEPTEMBER 12, 1916.

Equitable petition. Before Judge Hammond. Richmond superior court. April 29, 1915.

*H. S. Jones,* for plaintiff in error. *B. B. McCowen,* contra.