### GEER v. DANCER, ordinary, for use, etc.

GEORGE, J. 1. In *Harris* v. *McArthur*, 90 *Ga.* 216 (4) (15 S. E. 758), it was ruled: "The defendants below having requested the presiding judge on the final trial to give his charge to the jury in writing, it was error not to write out and read to the jury whatever instructions the court had to give them, and to direct orally a verdict for the plaintiff against the defendant for a specific sum and require a member of the jury to sign as foreman a verdict accordingly. The words 'charges' and 'charge' in section 244 of the code [section 4847 of the Code of 1910] embrace any and all final instructions addressed by the court to the jury for the purpose of governing their action in making or aiding to make a final disposition of the case in favor of one litigant or the other."

2 The above ruling was upon review adhered to in *Citizens Bank of Bainbridge* v. *Fort*, 142 *Ga.* 611 (83 S. E. 235). It was there said that the ruling in *Harris* v. *McArthur*, supra, quoted above, was "a unanimous decision rendered when the court was composed of three Justices. In order to reverse it the concurrence of five Justices of the present bench is necessary (Civil Code, 1910, § 6207). That number do not concur in reversing it, and it stands as the decision of this court."

3. In *McKnight* v. *Belding*, 145 *Ga.* 798 (89 S. E. 837), the ruling in *Harris* v. *McArthur*, adhered to in *Citizens Bank of Bainbridge* v. *Fort*, supra, was recognized, but in that case it was said: "Nevertheless, where the evidence is not brought up in the record, so that the correctness of the verdict by the court can be reviewed, a new trial will not be granted solely because of the failure of the judge to reduce to writing his direction to the jury to return the verdict which was rendered in this case." If the ruling last quoted, by five Justices only, is to be considered as an intimation that the oral direction of a verdict, where a timely request has been made for a charge in writing as. contemplated in. section 4847 of the Civil Code of 1910, may be treated as harmless error, the intimation is not in accord with the provisions of the code section itself and with the decision in *Citizens Bank of Bainbridge* v. *Fort*, supra, where it was held that the giving of such a direction orally instead of in writing was "an error requiring the grant of a new trial."

4. A request was made to review and reverse the ruling made in the case of *Harris* v. *McArthur*, adhered to in *Citizens Bank of Bainbridge* v. *Fort*, supra.. Upon review, the ruling made in those cases is disapproved and reversed. Accordingly, where on the trial of a claim to land the claimant requested the court to give his charge to the jury in writing, it was not error to direct orally a verdict finding the property subject to the execution, the evidence, with all reasonable deductions therefrom, requiring the verdict so directed.

　　　　　　　　*Judgment affirmed. All the Justices concur.*

No. 814.　OCTOBER 15, 1918.　REHEARING DENIED NOVEMBER 18, 1918.

Claim. Before Judge Worrill. Miller superior court. January 23, 1918.

*W. I. Geer,* for plaintiff in error. *N. L. Stapleton,* contra.