## 12560. BURKE *v.* THE STATE.

BLOODWORTH, J. 1. The accused was convicted of larceny from the house, stealing cottonseed. A witness swore on direct examination: "I am the constable of the justice court of the 601st district, G. M., said county. On the — day of September, 1920, I levied a justice-court fi. fa. issued from the justice court of the 601st district G. M., this county, in favor of Joseph A. Rhodes against John Will Burke. I levied it on sixty bushels of short staple cottonseed. I took the seed into my possession by my levy." On cross-examination this witness swore: "I was made a constable of this district by Uncle Joe Mann. He was justice of the peace. He appointed me constable before he died. He appointed me constable in the spring of 1920. He died in June of 1920. He just appointed me verbally." The defendant moved to rule out the evidence developed on direct examination, because on cross-examination "it appeared from the testimony of the witness himself that he was not a lawful constable, and that there had not been a lawful levy, and that the cottonseed were not lawfully in his possession, custody, or control." The court properly refused to exclude this evidence.

2. Under certain contingencies a justice of the peace has the right to appoint a constable. Civil Code (1910), § 4682. Where such an appointment is made by a justice of the peace, his death would in no way affect the appointment. See, in this connection, *Gunn* v. *Tackett,* 67 *Ga.* 725 (1 *a*). Where a levy is made by one who assumes to act as an officer having authority to make such levy, the levy is good even though the appointment or qualification of the person purporting to act as such officer be irregular; since his acts would be those of a de facto officer. *Southern States Phosphate Co.* v. *Clark,* 19 *Ga. App.* 380 (91 S. E. 573), and cases cited. See also *Harrison* v. *Richardson,* 99 *Ga.* 763 (27 S. E. 173).

3. Under the facts of this case the failure of the court to declare a mistrial is not cause for a new trial, as the court "instructed the solicitor-general to confine himself to the evidence, and instructed the jury to go by the evidence and not by the argument." Had this been error it would have been harmless; as the evidence of guilt was positive, and the defendant's statement was practically an admission of what was proved by the State.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 26, 1921.

Indictment for larceny from house; from Taliaferro superior court — Judge Shurley.   May 23, 1921.

*Alvin G. Golucke,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.