## 55131. COCHRAN v. THE STATE.

SHULMAN, Judge.

A jury found appellant guilty of selling less than one ounce of marijuana in violation of the Georgia Controlled Substances Act. This appeal follows.

1. In his opening statement, the district attorney related that he expected to show that police officials received information that "there had been some illicit, illegal drug trading, drug trafficking in Monroe County." Appellant argues that this reference to the drug problem was in violation of Code Ann. § 81-1009 and that the trial court erred in denying his motion for mistrial on that basis. See, e.g., *Watson v. State,* 137 Ga. App. 530 (1) (224 SE2d 446) overruled on other grounds; *Quick v. State,* 139 Ga. App. 440 (2) (228 SE2d 592); *Hammond v. State,* 51 Ga. App. 225 (179 SE 841).

"Conceding that such argument was framed in improper language, the trial judge upon objection of counsel for the defendant instructed the [district attorney] to stay within the evidence in his argument, [i.e., rebuked counsel] and specifically instructed and cautioned the jury to disregard the remarks complained of. Under these circumstances and in view of the fact that the matter of granting a mistrial is 'largely within the discretion of the court; and unless it is apparent that a mistrial was essential to preservation of the right of fair trial, the discretion will not be interfered with' [cit.], it cannot be said that the trial court erred in refusing to grant a mistrial in this case. [Cit.]" *Shelly v. State,* 107 Ga. App.

736 (4), 738 (131 SE2d 135). See also *Burke v. State,* 27 Ga. App. 314 (3) (108 SE 119).

2. A state narcotics officer was properly permitted to testify that he had negotiated with the accused concerning the possibility of purchasing 500 pounds of marijuana. See, e.g., *Barber v. State,* 142 Ga. App. 156 (235 SE2d 629); *Howard v. State,* 144 Ga. App. 208.

Defendant asserts that the trial court erred in failing at the time of admission of this testimony to instruct the jury that admission was solely for the limited purpose of showing scheme, motive, intent or course of conduct. See, e.g., *Morris v. State,* 228 Ga. 39 (8) (184 SE2d 82) (admission of evidence of other offenses not error where proper limiting instructions given).

The court did not err ". . . at the time of admitting the evidence or in his general charge to the jury, in failing to instruct the jury . . . without any request therefor, the purposes for which the evidence might be considered, and that they could only consider the evidence [for a limited purpose] . . ." *Haden v. State,* 176 Ga. 304 (7b), 310 (168 SE 272).

3. "Appellant complains (for the first time in this appeal) the trial court erred in expressing an opinion . . . which [was] prejudicial to appellant. This objection comes too late. There must be some motion or objection made at the trial to give this court an opportunity to consider it. [Cit.]" *Spencer v. State,* 231 Ga. 705, 707 (203 SE2d 856).

4. In a presentence hearing, evidence of the general reputation of the defendant was introduced. Appellant asserts that the admission of such evidence was error because, as stated in the brief, ". . . if the court could not consider evidence of prior convictions, it certainly could not consider evidence of the reputation of the defendant with respect to dealing in drugs." This argument must fail.

"The nature of the pre-sentence hearing involves the 'general character' (Code § 38-202) of the defendant, and where the State has notified the defendant that such evidence will be admitted (Code Ann. § 27-2534), evidence of general bad character may be admitted." *Dudley v. State,* 228 Ga. 551 (9), 561 (186 SE2d 875). (Although *Dudley,* supra, was decided prior to the current pre-

sentence statute, rules of evidence at presentence hearings have not changed. See *Brown v. State,* 235 Ga. 644, 648 (220 SE2d 922).)

Although the state did not inform the defendant of its intention to use character witnesses (see Code Ann. § 27-2503), no objection was made at the presentence hearing. See *McKisic v. State,* 238 Ga. 644 (5) (234 SE2d 908).

"[W]here the improperly considered matter consisted of less than illegal convictions (such as rumors, hearsay, innuendoes, and information not obtained from the judge's personal observation), our courts have specifically disapproved the practice, yet held it to be harmless error; based on the 'presumption, in the absence of a strong showing to the contrary, that the trial judge, when sitting without a jury, separates the legal evidence from facts not properly in evidence in reaching his decision.' [Cits.]" *Clark v. State,* 138 Ga. App. 266 (5), 270 (226 SE2d 89).

Under these circumstances, there was no error which merits a reversal.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 18, 1978 — DECIDED FEBRUARY 14, 1978.

*R. Joneal Lee,* for appellant.
*E. Byron Smith, District Attorney,* for appellee.